## HARGROVES v. CLOUD.

1. The possession of property by a bankrupt, at the time of his discharge, or immediately after, which by industry he might reasonably have acquired, does not warrant the presumption that he did not make a full surrender of his estate; but if the value of the property is so great as to make it improbable that it was earned since the filing of the petition in bankruptcy, it devolves upon the bankrupt to show how he became the proprietor of such property, when his discharge is impugned for fraudulent or wilful concealment.

2. Where it appears that the defendant and alaintiff pleaded and replied "in short by consent," it will be intended that the plea and replication contain every material allegation that the law requires, to make them complete; but if the pleading could not be supported, if drawn out in form, a demurrer should be sustained, if so interposed as to reach the defect.

Writ of Error to the Circuit Court of Russell.

THE defendant in error suggested to the County Court of Russell, that on the 12th December, 1840, he became the surety of the plaintiff in a promissory note for the payment of $250, to David Golightly; that at the August term of that Court, holden in 1842, Wm. S· Chipley, as the administrator of the payee, recovered a judgment on the note against the plaintiff below, for the sum of $263 87. On the 5th of December, 1843, the plaintiff paid off and satisfied the judgment thus recovered; and thereupon

he moved the Court for judgment against the defendant below, for the amount thus paid by him, with interest, &c.

The defendant appeared and pleaded—1st. That he was a certificated bankrupt. 2d. Payment. To the first plea, the plaintiff replied, that he had obtained his certificate fraudulently; to which defendant demurred, and his demurrer being overruled, issue was joined on both pleas. Thereupon the cause was submitted to a jury, who returned a verdict for the plaintiff, and judgment was rendered accordingly.

From a bill of exceptions, sealed at the instance of the defendant, it appears that the plaintiff offered to prove, that the defendant had some negroes in his possession after filing his petition, and after the decree of bankruptcy; to the admission of this evidence the defendant objected, but his objection was overruled, and the evidence was permitted to go to the jury. The defendant then prayed the Court to charge the jury, that they should not regard any evidence tending to show that the defendant did not render a complete schedule of the property in his possession at the time of filing his petition. *Further*, that the possession of property by the defendant, after obtaining a decree in bankruptcy, is not admissible evidence to prove fraud in obtaining his certificate. Which charges the Court refused, and charged the jury, that property in defendant's possession, immediately after obtaining the decree, unless explained, was a circumstance which they ought to take into the consideration as evidence of fraud. The cause was removed to the Circuit Court, and the judgment of the County Court there affirmed.

G. W. Brown, for the plaintiff in error, insisted, that the Court below erred in the several points presented by the bill of exceptions. That although it appears from the record to have been agreed that the plaintiff might reply "*in short*" to the first plea, yet this consent did not relieve the pleader from setting out specially, in what the fraud consisted; and for its generality the replication was defective. [3 Ala. Rep. 316; 5 Id. 451.]

S. Heydenfeldt, for the defendant in error. The replication is entirely sufficient. The bankrupt act of 1841, provides that the plea of bankruptcy may be met by proof, that the certificate was obtained by fraud—the plaintiff first giving a written notice

to the defendant of the grounds relied upon. If the notice is special, as the law requires, where is the necessity of disclosing the facts in the plea, which tend to establish the fraud ? The record does not set out the notice, or even alledge that it was given, and it could not with propriety be sent up, unless it was incorporated by bill of exceptions ; but it must be presumed that it conformed to the law.

COLLIER, C. J.—A discharge and certificate duly granted to a bankrupt, under the act of Congress of 1841, for the establishment of a uniform system of bankruptcy, shall, in all courts of justice, be deemed a full and complete discharge of all debts, contracts and other engagements of such bankrupt, which are proveable under the act, and shall be and may be pleaded as a full and complete bar to all suits brought in any court of judicature whatever, and the same shall be conclusive evidence of itself in favor of such bankrupt, unless the same shall be impeached for some fraud or wilful concealment, by him, of his property, or rights of property, contrary to the provisions of this act, on reasonable notice specifying in writing such fraud or concealment." (See § 4.) The fraud and concealment of property by a bankrupt, it is held, must be deliberate and intentional to affect him ; but it is said, where property is discovered belonging to the bankrupt's estate, subsequent to the issuing of the decree, which had not been accounted for ; the intention of the bankrupt being apparent, his discharge and certificate will be disallowed. [Owen on Bank. 222-3.] What facts will establish fraud or wilful concealment, so as to annul a certificate already allowed must depend more or less upon the circumstances of every particular case. The possession of property by a bankrupt at the time of his discharge, or immediately after, which by industry he might reasonably have acquired, would not warrant the presumption that he did not make a full surrender of his estate. But where the value of it is so great as to make it improbable that it was earned by him since the filing of his petition, it devolves upon him to show how he became the proprietor of such property: whether by inheritance, bequest or purchase. This much the bankrupt owes to his creditors as well as himself; and the *onus* of relieving himself from the imputation of fraud, is, in such case,

cast upon him, who is best acquainted with the origin and nature of his title, and if fair may easily sustain it.

In the present case, the property in the possession of the bankrupt, was slaves. These, we know, are of too great value to be acquired in a very short time as the earnings of industry, and if they were purchased on credit, obtained by gift, &c., the fact should be proved. It is not shown by the bill of exceptions how long the case of the bankrupt was pending; if for a long time, the presumption of fraud would be weakened. But as all intendments are favorable to the decision of a primary Court, it would be presumed, if necessary, that the suit progressed regularly to a hearing, without a continuance; especially as the party excepting has not shown by the record, that the reverse is true.

Without stopping to inquire whether the act, in requiring a notice in writing, to the bankrupt, specifying the fraud or concealment, has any influence upon the form of the pleadings, we are satisfied that the replication in this case is good. It is explicitly stated in the record, that both the defendant and plaintiff pleaded and replied " in short by consent." This being the case, we have repeatedly held, that it must be intended that the plea and replication contain every material allegation which the law requires, to make them complete; and that an objection which supposes the reverse, cannot be entertained. If the pleadings could, under no circumstances, be supported, of course a demurrer would be sustained, if so interposed as to reach the defect. But the objection which is made to the replication, applies with all force to the plea, and that being prior in order, would be adjudged bad, if the demurrer could be entertained.

This view disposes of the case; the judgment is affirmed.