## PETTY v. D. & J. B. WALKER.

1. Where the issue is the fraud of the defendants in obtaining their discharge under the bankrupt law, the inquiry is confined to the matters of which notice is given; and when the notice is, that certain property *described in a deed of trust* executed, &c., *recorded in the office of the county clerk*, was not surrendered to the assignee, or included in the schedule, the deed itself must be produced, or its absence accounted for. An office copy is not sufficient without such preliminary proof.
2. On such an issue, it is no error to exclude the copies of deeds conveying real estate to the defendants, when the property is not shown to be the same as that covered by the issue.
3. When the issue is, that the defendants did not surrender a large sum in cash, evidence that one of them, from two to four years after their discharge, was in possession of property of considerable value, may be excluded, unless connected with other proof raising the presumption that the property was not acquired by the business or industry of that defendant.

Error to the County Court of Mobile.

Assumpsit by Petty against the Walkers, on a promissory note, dated 23d February, 1839. The pleas do not appear, but the parties in this court consent that the cause went to the jury on an issue upon the replication *per fraudum* to a plea of bankruptcy.

At the trial, the plaintiff read to the jury a notice served on the defendants, stating that their certificate of bankruptcy would be impeached for fraud, on the following grounds, viz :

1. For not surrendering to the assignee in bankruptcy, or setting forth in their schedule, certain property described in a deed of trust, executed by Daniel Walker to Jesse Turner, dated 24th May, 1839, and recorded in the office of the clerk of the county court of Mobile.

2. For not surrendering to said assignee the property described in a deed of trust executed by the defendants to Wm.

D. Dunn, dated 31 May, 1839, and recorded in the office of the clerk of the county court of Mobile.

3. For concealing and not surrendering to the said assignee in bankruptcy a large amount of cash.

The plaintiff then offered certified copies of two deeds conveying certain real estate to the defendants and proved a notice to the defendants to produce the original deeds, which were not produced by them. The court excluded these deeds from the jury.

The plaintiff then offered to read in evidence a certified copy of the deed of trust referred to in the notice aforesaid, which deed was executed by Daniel Walker, to Jesse Turner, to prove that the real estate described in the deed first offered, was the same property. This was also excluded. The plaintiff then produced a witness to prove, that since the defendants were discharged as bankrupts, they had become the owners of a large amount of property. The witness testified that Daniel Walker, one of the defendants, during the years 1844-5-6, acted as captain and clerk of several steam boats, had paid demands against them, and the witness had heard Daniel Walker frequently say, during said years, he was interested as part owner in several steam boats named by the witness. On motion of the defendant, this evidence was excluded from the jury.

The plaintiff excepted to the action of the court in excluding the evidence specified, and here assigns the same as error, as well as a charge to the jury, which is not relied on in argument.

W. G. Jones, for the plaintiff in error insisted—

1. The deeds offered were in accordance with the notice of the grounds for impeaching the decree for fraud. The deed of trust for the purpose of designating the specific property, and the other deed to show that it belonged to the bankrupt. Without this preliminary evidence, there could be no connection in that intended to be subsequently offered to show a fraudulent concealment.

2. The evidence of the witness stated, was sufficient to put the bankrupt on explanation of the mode by which the property was acquired, without which the presumption of

fraud was proper to be decided by the jury. [Hargrove v. Clond, 8 Ala. Rep.

G. N. STEWART, contra, argued—

1. As to the deed first offered, there was no proof the defendants had any such deed to produce nor even of its existence. Besides this, there was no evidence of its relevancy, and the presumption of law is, that it was surrendered to the assignee as a muniment of title.

2. As to the deed of trust, the same objections apply, there was no evidence to account for the original, and no proof of any kind to warrant the introduction of secondary evidence.

3. The witness was offered on the ground of showing that the defendants had concealed *cash*, and not surrendered it. They cannot be presumed, under the notice they had received, to come prepared to defend against the possession of *property*. The evidence of the witness was at most calculated to produce the impression, or presumption, that the steam boats were purchased for cash, upon which the jury was to raise the further presumption that it was cash concealed at the time of bankruptcy. This is a presumption upon presumption which is not admissible. Besides this, the presumption must be made as to the value of the interest held by the defendant in the steam boats. It may have been so insignificant as to create no presumption whatever. Independent of this, tho proof, to be admissible, should be of possession *recently* after the bankruptcy. It is impossible to say, that a bankrupt shall ever afterwads be prepared to account for the possession of all property subsequently acquired.

GOLDTHWAITE, J.—1. It will be seen the issue in this case was, the fraud of the defendants in obtaining their discharge under the bankrupt act, and under the notice given them, the inquiry is confined to the matters therein stated. The first matter stated is, that the defendants did not set out in their schedule, or surrender to the assignee, certain pro· perty described in a deed of trust, executed by Daniel Walker to one Turuer, of a particular date, and recorded in the office of the clerk of the county court. Considering this allegation as the assertion that the property covered by this deed was in

the possession of the bankrupts when they applied to be dis-
charged, it is evident the deed of trust, and not the copy of it,
in the registry, is the matter to be proved.   We do not, in
the present instance, mean to say that the deed might not,
under peculiar circumstances, be proved by the production of
a certified copy, but merely to assert that the plaintiff's spe-
cification of fraud is not proveable by the production of the
certified copy of the register, without the attempt to produce
or account for the original deed.   The plaintiff refers to the
*deed of trust* for the *description* of the property which he as-
serts the defendant did not surrender.   It is true, the descrip-
tion of the property might have been set out in the notifica-
tion served on the defendants, but as the party has chosen to
refer the description to a written document, there is no pecu-
liar hardship in holding him to the proof of his allegation.
The defendants are not to be charged with the description
set out in the registry, unless the verity of that description is
made apparent by their omission to produce, or to account for
the original deed of trust when traced to their possession. In
point of fact, no attempt seems to have been made to produce
this deed, which, in presumption of law, remains with Tur-
ner, nor was it shown to be within the control of the defend-
ants.   We are clear therefore in the opinion that the certified
copy was properly rejected, as no ground was laid for its ad-
mission.

2. The certified copies of the deeds conveying certain real
estate to the defendants, were not within the issue unless the
property was wholly or in part the same as described in the
deeds of trust from the defendants to Turner or to Dunn.
The identity of the property is not stated or shown by the
bill of exceptions, and this alone is a sufficient ground to sus-
tain the rejection of the copies, inasmuch as the original deeds
would not be admissible if for property not described in the
trust deeds.   If however, the property was the same, the
deeds were of no use to the party unless he succeeded in get-
ting the trust deeds before the jury, and their subsequent ex-
clusion would be a matter of course.   As the deeds were ex-
cluded when offered, our decision rests on the reason first
mentioned.

3. The remaining and more important question is with

respect to the exclusion of the oral evidence of fraud. The point in issue was, that the defendants had concealed, and not surrendered a large sum in cash. To prove this, the plaintiff offered to show, that from two to four years after the discharge of the defendants, that one of them was in possession of property which, from its description, might be inferred to be of considerable value. We think circumstances of this nature, unconnected with other proof, raising the presumption that the property was not acquired by the business or industry of the defendant, were not sufficient to create any presumption of fraudulent concealment of cash, or property, and therefore that the testimony of the only witness speaking to them was properly excluded. The facts of this case are not as those in Hargrove v. Cloud, 8 Ala. Rep. 173, when it was inferrable from the evidence, the bankrupt was in possession of slaves *after filing his petition* as well as after his discharge, and with reference to which we said, "the possession of property by a bankrupt, at the time of his discharge, or immediately after which, by industry he might reasonably have acquired, will not warrant the presumption that he did not make a full surrender of his estate. But when the amount of it is so great as to make it improbable that it was earned by him since the filing of his petition, it devolves on him to show how he became the proprietor of such property whether by inheritance, bequest or purchase, and the *onus* of relieving himself from the imputation of fraud, in such case is cast upon him who is best acquainted with the origin and nature of his title." It was also said, that the circumstances to establish fraud, or wilful concealment, must depend more or less on the circumstances of each particular case. The case there did not turn on the question whether the possession of property under particular circumstances, after the decree of bankruptcy, might not be evidence of fraud, but the court refused to say, that possession after the decree, was not admissible to show fraud, and the question put to the jury, was that possession *immediately* after the decree, was a circumstance to create the presumption of fraud, unless explained by other evidence. We are entirely satisfied that this exposition of the law was correct, but it is a misapprehension to apply what we then said to cases where the possession is

not immediate after the decree, or rather after the application; for neither the jury or court can be supposed to know the means within the power of an individual to acquire by his industry or business, the ownership of property. Whenever the possession is not referred to the time of the application, or so recently afterwards, that no business or industry could reasonably have created a fund by which to obtain the property in possession, the *onus* is upon the defendant, to show how the property was acquired, to rebut the presumption of fraud, which otherwise, and when there are no other circumstances to repel it, may arise. In all other cases, it rests with the plaintiff to create the presumption of fraud, by showing that the business or industry of the defendant could not reasonably furnish the means to acquire the property held by him as owner. In the case before us, no such evidence was before the jury, and therefore, as we have said before, there was nothing to create the presumption of fraudulent concealment of cash at the time of bankruptcy, and the property held by the defendant, for aught which appears, was acquired fairly, and by the honest pursuits of industry. There is no error in the record.

Judgment affirmed.