# Western Assurance Co. of Toronto *v.* McGlathery.

115 21ː
129 45ℂ

*Action upon an Insurance Policy.*

1. *Action upon an insurance policy; sufficiency of replication.*—Where in an action on an insurance policy the defendant, after setting out in his special plea the "Iron Safe Clause" contained in the policy, avers as a breach that the plaintiff "did not keep a set of books as therein provided," a replication to such plea, which avers that "the plaintiff had substantially kept a set of books from which the loss could have been ascertained, and that the plaintiff offered to produce the books in evidence to meet the defendant's demand for books claimed to be necessary," which offer was refused by the defendant, is insufficient, in that it does not show that the books offered were such as were contracted and warranted to be kept, and is, therefore, demurrable.

2. *Same; same.*—Where in such an action the defendant pleads that the plaintiff did not keep a set of books and a complete record of the business transacted, including purchases and sales, &c., as was required by the "Iron Safe Clause," a replication which avers that the plaintiff "had substantially kept a set of books from which the loss could have been ascertained," is sufficient.

3. *Same; sufficiency of plea.*—In an action upon an insurance policy upon a stock of goods, where one· of the conditions of the policy is that the insured will make a complete inventory of stock on hand, and upon demand, after loss, the last preceding inventory shall be delivered to the insurance company, the preceding inventory which is required by such condition is that which was taken next preceding the issuance of the policy; and a plea which avers that inventories were taken in May and December of the year preceding·"the issuance of the policy," and that by reason of the failure of the plaintiff to deliver the inventory taken in May there was a breach of such condition, presents no defense to the action and is demurrable.

4. *Same; waiver of condition in policy; sufficiency of replication.*

The condition in an insurance policy that after the loss of the property insured the plaintiff should submit to examination under oath by any person named by the insurance company, is waived if no notice is given to the insured to submit to such examination; and in an action upon an insurance policy, where the defendant pleads that the plaintiff had failed to submit to the examination as required by the policy, a replication which avers that no notice was given to the plaintiff, but notice was given to her husband, who, as her agent, appeared and was examined, avers facts showing a waiver of the personal examination of the plaintiff, and such replication is a sufficient reply to the plea, and is, therefore, not subject to demurrer.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action brought by the appellee, D. R. McGlathery, against the appellant, the Western Assurance Company of Toronto; and sought to recover for the loss of a stock of goods by fire, which was covered by an insurance policy issued by the defendant. The complaint was in the statutory form and contained but one count. The defendant pleaded the general issue and the following special pleas: "2d. A breach of the warranties contained in the 'Iron Safe Clause,' which is as follows: 'Iron Safe Clause: Warranty to keep books and inventories and to produce them in case of loss. The following covenant and warranty is hereby made a part of this policy: 1st. The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and unless such inventory has been taken within 12 calendar months prior to the date of this policy, one shall be taken in detail within thirty days of the issuance of this policy, or this policy shall be null and void from such date, and upon demand of the assured, the unearned premium from such date shall be returned. 2d. The assured will keep a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales and shipments, both for cash and credit from date of inventory, as provided for in the first section of this clause, and during the continuance of this policy. 3d. The assured will keep such books and inventory, and also the last preceding inventory, if such has been taken, securely locked in a fire-proof safe at night, and at all times when the building mentioned in this policy is not actually open for business; or, failing in this, the assured

will keep such books and inventories in some place not exposed to a fire which would destroy the aforesaid building. In the event of a failure to produce such set of books and inventories for the inspection of this company, this policy shall become null and void, and such failure shall constitute a perpetual bar to any recovery thereon.' '' In this plea the defendant alleged the following breaches of the foregoing covenants and conditions: ''(1) That the plaintiff did not keep a set of books as therein provided. (2) That the plaintiff did not keep said books securely locked in a fire-proof safe at night and at other times as therein provided, nor did he keep said books in a place not exposed to a fire which would destroy the building where said business was carried on. (3) That the plaintiff failed to produce said books for the inspection of the defendant after said alleged loss, wherefore said policy became and was null and void.''

The other pleas were as follows: 3d. Breaches of warranty against incumbrances alleging that the stock of goods, library and surgical instruments were encumbered by a chattel mortgage. 4th. Breach of warranty as to plaintiff being the sole and absolute owner of the property, alleging that there was a chattel mortgage on said property. 5th. Breach of the same warranty, alleging that there was a chattel mortgage on said property given to one Francis Atkins. 6th. Alleging that plaintiff had no insurable interest in the property. 7th. A breach of the warranty that the plaintiff should have the unconditional ownership of the property insured. 8th. Breach of the warranty against permitting the property to become incumbered by a chattel mortgage. 9th. A breach of the condition of said policy providing that the policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning the insurance or the subject thereof, or if the interest of the insured in the property be not truly stated, or in case of any fraud or false swearing by the insured touching any matter relating to the insurance or the subject thereof, whether the same be before or after the loss, and assigning the following breaches: (a.) That the plaintiff through her agent, F. S. McGlathery, concealed or misrepresented the fact that D. R. McGlathery, the plaintiff, was

the wife of F. S. McGlathery, and induced defendant to issue said policy to D. R. McGlathery under the impression and belief that it was issuing said policy to F. S. McGlathery, the husband, and avers that such concealment or misrepresentation was a material fact or circumstance concerning said insurance, and by reason thereof said policy became and was null and void.   (b.)   That the interest of the insured is not stated truly in the policy, the plaintiff having failed and neglected to state to this defendant that she had any interest in the property covered by said policy, but, on the contrary, at and before said policy was issued, represented that it belonged to her husband, who falsely personated said D. R. McGlathery.   (c.)   That the plaintiff, through her agent, falsely swore before one Leo K. Steiner, a notary public, on the examination prescribed under the terms of said policy, after said loss, that he, the said agent, was D. R. McGlathery, and that the property destroyed belonged to him, and subscribed the deposition or examination as such D. R. McGlathery.

The 10th and 11th pleas were as follows :   "10.   For further answer to said complaint the defendant says the policy upon which this action is brought contained the covenant and warranty which is fully set forth in the second plea and which is now referred to and made a part of this plea, and the defendant avers · that the plaintiff did take an inventory of stock on hand on, to-wit, December 25th, 1893, and defendant avers that prior thereto, to-wit, May 1st, 1893, plaintiff took an inventory of stock on hand, which was the last preceding inventory taken by plaintiff, and defendant avers that the plaintiff did not produce said last preceding inventory for the inspection of this defendant; wherefore and by reason of said failure by said plaintiff to produce said last preceding inventory for the inspection of this defendant, the said policy became and was null and void. "11.   For further answer to said complaint defendant says, that in and by the terms of the policy which is the subject of this action, it is provided in substance that the plaintiff, after the fire occurred should submit to examination under oath by any person named by this defendant, and defendant avers that after the fire occurred, it named one J. A. Sullivan, as its agent to take the examination of the plaintiff under oath, and F. S. Mc-

Glathery, the husband of the plaintiff, appeared before the said J. A. Sullivan, as agent of plaintiff, to make claim for the loss occasioned by said fire, and the said Sullivan demanded the examination under oath of plaintiff according to the terms of said policy, and defendant avers that the plaintiff failed and neglected to submit to such examination.''

The plaintiff demurred to the 10th plea, upon the following grounds: 1. Because the plea fails to allege that there was any warranty in said policy of insurance that the two inventories taken prior to the loss should be produced for the inspection and examination of the defendant. 2. Because said plea fails to aver that the defendant demanded the examination of said inventory made May 1st, 1893. 3. Because said plea fails to allege that the production of said inventory taken May 1st, 1893, was material to the risk or proof of loss. 4. Because said plea fails to allege that the production of said inventory taken May 1st, 1893, was necessary to enable defendant to ascertain the amount of the loss. 5. Because said plea fails to deny that the inventory and books presented by the plaintiff to the defendant were in fact amply sufficient data to ascertain definitely the amount of loss; and the agreement to produce any prior inventory was immaterial and could not be required of the plaintiff, and defendant could not be injured by the failure of plaintiff to produce the same, or benefitted by its production. 6. For further grounds of demurrer to said tenth plea, the plaintiff says the first division of said iron safe clause in said policy required that within thirty days after the insurance was issued the assured should take a complete inventory of stock, unless one had been taken within twelve months, and the true intent and meaning of said clause is, that plaintiff is required to make and keep an inventory within 30 days after the issuance of the policy, and also keep the last preceding inventory in an iron safe or where it is not exposed to a fire that would destroy the building, etc., does not require the keeping of any antecedent inventory.

To the 11th plea the plaintiff demurred upon the following grounds: 1. Said 11th plea is demurrable in this, that at the time of the loss complained of in this case the relation of insured and insurer ceased as be-

tween plaintiff and defendant, and they became debtor and creditor, and any clause in said policy which made any act of the plaintiff to be done or suffered thereafter a cause of forfeiture, is null and void. 2. Because said clause requiring examination under oath after loss and failure to comply therewith a cause of forfeiture, is void as against public policy. 3. Because said plea fails to allege that said J. A. Sullivan made demand of plaintiff for her appearance before him, and said policy does not provide that demand upon the agent of assured shall be sufficient under said clause to require her to appear and submit to examination. 4. Said plea No. 11 is no answer to the complaint because it fails to allege that the appearance and examination of the plaintiff's agent and the books was not a compliance with the terms of said policy on the question of proof of loss. 5. Said plea is no answer to the complaint, because on its face it shows a substantial compliance with the terms of said policy herein set out and the examination of the agent of plaintiff was a waiver of the examination of plaintiff. 6. Because the intent and purpose of said clause in said policy is and was that the defendant might ascertain the amount of the loss sustained by plaintiff, and there is no denial of the loss by defendant. 7. Because the clause in said policy set out in said plea is repugnant to the terms of the policy in which defendant agreed to keep plaintiff insured for the term of one year from February 11, 1894. 8. The plea fails to show that defendant demanded of plaintiff or notified her to submit to an examination such as is named in the plea, or to any examination.

The demurrer to the 10th plea was sustained, and the demurrer to the 11th plea was overruled. To the second plea, the plaintiff filed the following replications : (1.) There was a substantial compliance with the conditions set out in said plea. (2.) Plaintiff alleges that he "had substantially kept a set of books from which the defendant could have ascertained the loss," and avers that the "plaintiff offered to produce books and evidence to meet defendant's demand for books claimed by defendant to be necessary, but defendant refused to allow plaintiff to do so or to receive such books and proof."

To the 3d, 4th, 5th, 7th and 8th pleas, the plaintiff filed two replications, as follows : (1.) Denying that

the property insured was incumbered on the 9th and 11th days of February, 1894; and (2) That the local agent of the defendant had notice that the property was incumbered by said mortgage of Francis Atkins.

To the 11th plea the plaintiff filed the following replication: "That defendant did not give her notice and did not require that plaintiff should submit to examination on oath touching the loss for which she has brought this suit; that plaintiff's husband was notified by defendant to appear before defendant's agent; and plaintiff says that her husband, F. S. McGlathery, pursuant to defendant's requirement, appeared before defendant's agent, Sullivan, and submitted to the examination as required, and plaintiff says that defendant well knew said F. S. McGlathery was not the plaintiff, the insured, and with that knowledge proceeded with the examination and did examine said F. S. McGlathery in lieu of the plaintiff."

The defendant demurred to the second replication to the second plea, upon the following grounds: 1. Said replication purports to be, but is not an answer to said plea, for it does not traverse or admit the second breach of said condition set out in said plea. 2. It is not alleged or shown by said replication that plaintiff kept a set of books as required by the warranty or condition contained in said plea. 3. That by the warranty and condition set out in said plea the plaintiff contracted and warranted to keep a set of books as therein described, and said replication does not aver any compliance with or performance of said condition, contract and warranty. 4. That keeping substantially a set of books from which defendant could have ascertained the loss plaintiff had sustained, is not a compliance with the condition, contract and warranty contained in said second plea. 5. It is not averred in said plea that plaintiff offered to produce books such as she contracted and warranted to keep, and was bound to produce. 6. That by the terms of said condition the plaintiff was bound to produce a set of books such as described in said plea, and the offer of plaintiff to produce books and evidence to meet defendant's demand for books under said condition is not a performance of or compliance therewith. 7. That by the terms of the condition the plaintiff was bound to produce for the inspection of the defendant the set of books

therein required to be kept by her, without any demand on the part of the defendant or she was barred of a recovery, and it is not averred that plaintiff did produce for the inspection of defendant any such set of books.

To the replication to the 11th plea, the defendant demurred upon the following grounds : 1. Said replication does not traverse or admit the fact that her husband, F. S. McGlathery, as agent of plaintiff, made claim for the loss under the policy sued on, nor does said replication traverse or admit that plaintiff was required to submit to an examination under oath through her said agent. 2. That the plaintiff's husband was notified to appear before defendant, and that her husband appeared before defendant and submitted to an examination is no answer to said plea. 3. That knowledge of the plaintiff of the requirement for her examination was not necessary to constitute a breach of the condition of the policy. 4. That notice to plaintiff's agent who made claim for loss under said policy that defendant required plaintiff to submit to an examination was notice to plaintiff of such requirement. 5. That it is not denied by said replication that defendant gave notice to plaintiff's agent who made claim for the loss that it required her to submit to an examination under oath as required by the policy. 6. That the matters set up in said replication can be taken advantage of under the general replication. Each of these demurrers to the replications to the second and eleventh pleas, respectively, were overruled.

Upon the trial of the cause, judgment was rendered in favor of the plaintiff. From this judgment the defendant appeals, and assigns as error the several rulings of the trial court upon the pleadings.

ALEX. T. LONDON and JOHN LONDON, for appellant.—
1. The "Iron Safe Clause" is a warranty and to be strictly performed by the insured as a condition precedent to a right of recovery.—*Pelican Ins. Co. v. Wilkerson*, 13 S. W. Rep. 1103 ; *Knoxville Ins. Co. v. Hird*, 23 S. W. Rep. 393. A substantial compliance is not sufficient.— *West. Assur. Co. v. Altheimer*, 25 S. W. Rep. 1067. A failure to produce books forfeits the policy.—May on Insurance, § 465 ; *Fire Ins. Co. v. Felrath*, 74 Ala. 194 ; *Pelican Ins. Co. v. Wilkerson, supra*.

2. Promissory warranties are those which require

something to be done or omitted by the insured.—May on Insurance, § 157. And the performance of promissory warranties is as essential as in the case of affirmative warranties.—May on Insurance, § 156 ; 1 Biddle on Insurance, § 566 ; *Ala. G. L. Ins. Co. v. Garner*, 77 Ala. 210, 215. And this applies to proofs of loss to be furnished.—*Fire Ins. Co. v. Felrath*, 77 Ala. 194 ; *Aetna Ins. Co v. People's Bank*, 62 Fed. Rep. 222.

J. F. GILLESPIE and W. C. WARD, *contra.*—1. The demurrer to the second replication to the second plea was properly overruled, because said replication avers an offer of compliance and refusal to accept same, and a substantial compliance which is all the law requires.— Rich. on Insurance, 161 ; *Fire Ins. Co. v. Felrath*, 77 Ala. 194 ; *Copeland v. Ins. Co.*, 96 Ala. 615 ; *Burnett v. Ins. Co.*, 46 Ala. 11 ; *Creed v. Sun Fire Office*, 101 Ala. 522 ; 11 Amer. & Eng. Encyc. of Law, 340, § 6 ; *Cap. City Ins. Co. v. Caldwell*, 95 Ala. 77 ; *LeRoy v. Park Ins. Co.*, 39 N. Y. 56 ; *Ins. Co. v. Jones*, 15 S. W. Rep. 1034 ; May on Insurance, pp. 709, 710 ; Clements on Insurance, 561, § 98 ; *Jones v. Southern Ins. Co.*, 38 Fed. Rep. 19 ; 3 Brick. Dig., 567, § 36. Plaintiff's replication was a complete answer to the plea, and the refusal of the defendant to accept the books and proof offered, placing their refusal to settle the policy on another ground, is a waiver of the forfeiture, if there had been a forfeiture.

2. The demurrers to the 10th plea were properly sustained.—Rich. on Insurance, 73, 91, 94 ; 11 Amer. & Eng. Encyc. of Law, 331-2 ; § 8, 340, § 6, note 11 ; 3 Brick. Dig., 565, §§ 10, 11 ; *Burnett v. Ins. Co.*, 46 Ala. 11 ; *Fire Ins. Co. v. Felrath*, 77 Ala. 194.

3. The fifth ground assigned "that the plea raised an immaterial issue" is certainly well taken, and if the court erred it was without injury, as the defendant got the full benefit of plea number ten under plea number two, and the general issue.—*Phoenix Ins. Co. v. Copeland*, 90 Ala. 386 ; *Ins. Co. v. Moog*, 78 Ala. 284 ; 3 Brick. Dig., 706, §§ 90-93 ; *Copeland v. Ins. Co.*, 96 Ala. 615 ; *Morris Min. Co. v. Knox*, 5 Gen. Dig. 1197 ; *Jones v. Ritter*, 56 Ala. 270 ; *Micham v. Moore*, 73 Ala. 542 ; *Waterbury v. Dakota, &c., Ins. Co.*, 43 N. W. Rep. 699.

4. The demurrer to the replication to the 11th plea was properly overruled. The plea itself was bad, and

[Western Assurance Co. of Toronto v. McGlathery.]

the demurrer thereto should have been sustained, and no subsequent pleading based on said plea could cause a reversal.—2 Brick. Dig., 358, § 463; *Williams v. Moore,* 32 Ala. 506; *Aurora Ins. Co. v. Johnson,* 46 Ind. 315. The replication to the 11th plea is good. It in plain terms denied the notice alleged in the plea, and the neglect of appellee to appear and submit to examination. It in terms traverses every material allegation in the plea, raising a question of fact which was properly left to the jury.—18 Amer. & Eng. Encyc. of Law, 558, § 5; *Ins. Co. v. Brown,* 15 N. E. Rep. 168; Richards on Insurance, 355.

5. By the examination of the plaintiffs' agent and retaining his statement, appellant waived the examination of the plaintiff in person, this being a condition to be performed after the loss and when the relation of debtor and creditor subsisted between the parties.—4 Gen. Dig., 1069, § 110; *Seyk v. Ins. Co.,* 41 N. W. Rep. 443; *Ins. Co. v. Pruett,* 74 Ala. 487; *Alkan v. Ins. Co.,* 10 N. W. Rep. 91; Clements Insurance Dig., 433, §§ 260-7; Richards on Insurance, § 49; *Cap. City Ins. Co. v. Caldwell,* 95 Ala. 77, and authorities *supra.*

BRICKELL, C. J.—A replication, answering a plea but in part, leaving a material part unanswered, is bad on demurrer. There must, however, be a material part of the plea unanswered, or there is no room or reason for the application of the rule. The part of the second plea it is supposed the replication leaves unanswered, is a mere negation that the plaintiff kept the books, which under the clause of the policy set out in the plea, he was under the duty of keeping, in the precise manner and place prescribed in the clause. There is no denial that the plaintiff kept the books, nor that they were preserved from loss or injury, ready to be produced for the inspection of the defendant, and as matter of evidence on the adjustment of the loss. The rule is elementary, that pleadings must be construed most strongly against the pleader. If a plea admits of two constructions, that construction will be adopted least favorable to the pleader.—2 Brick. Dig., 232, § 32. The plea admits of the construction that the books were kept and preserved, ready for production, though they may not have been kept in literal accordance with the clause of the policy.

If this be true, unless substance be sacrificed to mere form and ideas to mere words, the duty of the plaintiff and all the purposes of the clause were satisfied. The defendant was as fully protected against the fraud or imposition of the plaintiff, as he would or could have been, if there had been literal compliance ; and it is his protection, the clause intends. The plea, in this respect, presented an immaterial issue, and the rule of pleading to which we have referred, does not require that a replication should answer matter on which a material issue can not be founded.

The next question arising on the demurrers to this replication, is, whether the facts stated in the replication, showed that the plaintiff had satisfied the requirements of the policy in reference to the keeping of books, clearly and plainly presenting "a complete record of business transacted, including all purchases, sales and shipments, both for cash and credit," &c. The averments of the replication are brief. First, that there had been substantial compliance ; and second, that the plaintiff "had substantially kept a set of books from which the loss could have been ascertained." The proper construction of the replication is, that the plaintiff had not kept a set of books, in precise and exact conformity to the requirements of the policy, but had kept books really and truly disclosing the facts from which the loss could have been ascertained. These facts could not have been disclosed, unless the books showed the purchases, and sales of goods whether for cash or on credit, and the shipments, if any were made ; and if these were shown, it is difficult to perceive what more the parties could have contemplated.

This clause, now almost universally introduced into policies of insurance of merchandise kept for sale against loss by fire, has been of frequent consideration by the courts, and most usually, it has not been subjected to any narrowness or closeness of construction. Legal effect has been given it, for the purpose of guarding the insurer against the fraud or imposition of the insured ; but it has received a fair, reasonable interpretation, so that it may not work forfeitures, or defeat the claim of the innocent insured to the indemnity promised by the policy.—*Liverpool, &c., Ins. Co. v. Ellington,* 94 Ga. 785 ; *Western Assurance Co. v. Redding,* 68 Fed. Rep.

708 ; *Standard Fire Ins. Co. v. Willock*, 29 S. W. Rep. 218. In *Liverpool Ins. Co. v. Ellington, supra*, it is said by the court : "Under the clause referred to, it was not indispensable that the books kept should embrace what is usually termed a cash book, or that the books should be kept on any particular system. It was sufficient if the books were kept in such manner that, with the assistance of those who kept them or understood the system on which they were kept, the amount of purchases and sales could be ascertained, and cash transactions distinguished from those on credit." In *Standard Ins. Co. v. Willock, supra*, the court found a "substantial compliance" with the requirements of the clause, and sustained a recovery against the insurer.

If there must be precise, exact compliance with the clause, it would be difficult to determine and declare of what the compliance must consist. What is the degree of clearness and plainness, which must be observed in the entries on the books? Is it that degree which will be satisfactory to an expert, scientific book-keeper? If so, what system of book-keeping, must be observed? There are rival systems of book-keeping, and the adepts in the one may regard the other as wanting in plainness and clearness. Or, is it the degree which will satisfy the mind of the inquirer after the true state and condition of the business, not seeking to work, or to avoid a forfeiture of the indemnity of the policy? How many books, and of what description will constitute a set? Can it be said or supposed, the minds of the insurer and the insured met, and would have given a common answer to these inquiries? Their minds did come together on the essence and substance of this clause, when its words are looked through, that it was the duty of the insured to preserve in intelligible form, in one or more books of his own choice, written evidence of his purchases, of his sales, and of his shipments. If such evidence be preserved, the insurer is guarded against the fraud and imposition of the insured, and this is the purpose to be accomplished. There is no literal, hypercritical interpretation of the words of any contract. In all cases, policies of insurance are liberally construed in favor of the insured, so as not to defeat without a plain necessity his claim to the in-

demnity, which, in making the insurance, it was his object to secure."—1 May on Ins. § 185.

The replication avers the offer of the plaintiff to produce the books, and the refusal of the defendant to receive them; thus placing the defendant in default, if it was not under the duty of demanding their production, in the event an inspection of them was desired. There was no error in overruling the demurrer to the replication.

As we interpret the tenth plea, its gravamen is, that the plaintiff did not produce the inventory of stock taken on the first of May, 1893, while admitting that an inventory was taken on the 25th day of December, 1893, the production of which is not negatived. The policy was issued on the eleventh day of January, 1894, and the last preceding inventory to which the clause refers, is obviously, that which was taken next preceding the issue of the policy. We know not any other construction or interpretation of which the words are susceptible. *Insurance Co. v. Sheffy*, 71 Miss. 919.

The stipulation in the policy for the examination of the insured, was intended for the protection and benefit of the insurer, and at his election, could be modified or waived.—2 May on Ins., § 464. If no notice was given the plaintiff to appear and submit to a personal examination, but notice was given her husband, and as her agent, he appeared and submitted to an examination, which are the facts stated in the replication to the eleventh plea, there was a waiver of the personal examination of the plaintiff, and there was no error in overruling the demurrer to the replication.

A majority of the court are, however, of opinion, that the demurrer to the second replication to the second plea ought to have been sustained. The reasoning on which they proceed, is, that the plea, after setting out the "iron safe clause," averred as a breach, "that the plaintiff did not keep a set of books as therein provided." The replication averred that "he had substantially kept a set of books from which the loss could have been ascertained, and averred that the plaintiff offered to produce books and evidence to meet the defendant's demand for books claimed to be necessary, but defendant refused to allow plaintiff to do so or to receive such books and proof." Under the practice which prevails in this State,

15

[Hooper & Nolen v. Birchfield *et al.*]

parties have the right to frame their pleadings, and if issue be joined upon an insufficient plea, or an insufficient replication, they are responsible for the consequences. A replication to. a plea admits the legal sufficiency of the plea as a defense. Applying the rule that the pleadings must be construed most strongly against the pleader, the replication is insufficient. It avers that plaintiff "had substantially kept a set of books from which the loss could have been ascertained, and averred that the plaintiff offered to produce books and evidence to meet defendant's demand for books claimed *to* be necessary," &c. The latter clause of the replication avers that plaintiff "offered to produce books and evidence." What books? Such as the stipulation in the policy required to be kept, or what books? How much of the deficiency not furnished by the books was to be supplied by evidence, and what kind of evidence? The insufficiency of the replication, in this respect, was pointed out by the demurrer, and the demurrer should have been sustained.

For the error noted, the. judgment must be reversed and the cause remanded.