# A. L. OLSON v. GREAT EASTERN CASUALTY COMPANY.[1]

July 1, 1921.

No. 23,309.

**Burglary insurance — books and accounts of insured — charge to jury.**

1. Under the terms of a burglary insurance policy, there was no liability "unless books and accounts are kept by the assured in such manner that the exact amount of loss may be accurately determined therefrom by the company." The court correctly instructed that, if the books and accounts kept were such that, with the assistance of those who kept them, or understood the system, the amount of the loss could be ascertained, the condition was not violated.

**Construction of policy in respect to goods insured.**

2. The goods specifically named in the coverage clause of such a policy, cannot be excluded by some general prior exception therein.

**Not a question for the jury.**

3. There was not sufficient proof to go to the jury of the defense that plaintiff had prevented the insurer from settling with the owners of the goods lost, nor was the question properly raised at the trial.

**Charge to jury.**

4. Defendant cannot be heard to complain of the charge relating to lost fur-lined garments, since it accorded with the language of the policy construed most favorably to it.

Action in the district court for Hennepin county to recover $815 on a policy of burglary insurance. The case was tried before Molyneaux, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $784. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*F. D. Larrabee,* for appellant.

*M. H. Boutelle, A. H. David* and *Le Roy Bowen,* for respondent.

[1]Reported in 183 N. W. 826.
149 M.—23.

HOLT, J.

Plaintiff's tailor shop was broken into and goods and garments carried off. Defendant had insured against loss from burglary. This action, brought on the policy, resulted in a verdict for plaintiff. Defendant appeals from the order denying its motion for a new trial.

The defensive matters alleged were: (1) That plaintiff did not keep books of account as required by the policy; (2) that goods held in trust and lost by the burglary were not covered; (3) that, if such goods were covered, plaintiff violated the provisions of the policy by settling with the owners for the loss, without giving defendant the opportunity to so do, and (4) that the lost goods made of furs were not covered.

The policy contained a provision that defendant should not be liable for loss of "anything, unless books and accounts are kept by the assured in such manner that the exact amount of loss may be accurately determined therefrom by the company." Plaintiff's shop was small. He employed but two or three workmen. There was evidence that he kept such books and accounts as persons doing a similar business usually keep. One way of keeping an account of garments received for repairs was to make out a tag containing the name of the owner and a notation of what was to be done thereto, and attach it to the garment, and to give the owner another tag evidencing his right to receive it back. When the burglars took the garments, they took the tags with them. But, although some items of plaintiff's accounts were thus missing, we think from the balance, and the tags procured from the owners, defendant could have accurately determined the loss, had it chosen to attempt the task. The court charged the jury on this issue in conformity to the law as, we think, well stated in Liverpool & L. & G. Ins. Co. v. Ellington, 94 Ga. 785, 21 S. E. 1006, in these words [p. 791]:

"Under the clause referred to, it was not indispensable that the books kept should embrace what is usually termed a cash book, or that the books should be kept on any particular system. It was sufficient if the books were kept in such manner that, with the assistance of those who kept them or understood the system on which they were kept, the amount of purchases and sales could be ascertained, and cash transactions distinguished from those on credit, although it might be slow and difficult to do this."

Western Assur. Co. v. Redding, 68 Fed. 708, 15 C. C. A. 619; Western Assur. Co. v. McGlathery, 115 Ala. 213, 22 South. 104, 67 Am. St. 26; Beaird v. New Jersey P. G. Co. 157 Ill. App. 1, are to the same effect.

The policy by its terms covered the general stock of "tailoring goods and trimmings and clothing held * * * in trust for cleaning and repairs; excluding silks, furs," etc. We cannot approve of the contention made by defendant that, since the policy contains a clause that defendant shall not be liable for loss of "merchandise unless it belongs to the assured or is held by him in trust or on commission, or is sold but not removed from the premises, or unless the assured is legally liable to the owner thereof for such loss or damage as is covered hereby," therefore the garments taken in for repairs are not covered. Such garments are expressly named as insured, and cannot be excluded by a prior general exception found in the policy. The court was right in charging the jury that garments left for repairs and lost by the burglary were covered.

The evidence does not show that plaintiff took the matter of settlement with the owners of the garments left for repairs into his own hands, so as to prevent defendant from taking advantage of a provision in the policy that it could negotiate such settlements. The issue was not submitted to the jury, nor was there a request for its submission. The question was first raised on the motion for a new trial, and it is of no merit. Defendant seems to have consistently refused to recognize any liability for any of the goods of others left with plaintiff for repairs.

Three of the garments lost were fur-lined overcoats. Defendant requested the court to charge that no recovery could be had for their loss, and also that, if a recovery could be had, it must be limited to the value of the coats, without the fur lining. The court refused, but instructed that if the overcoats were principally of fur there could be no recovery. We think this as favorable to defendant as to the policy warrants. The goods excluded from coverage were "silks, furs, feathers, linen laces, silk laces, hand embroideries, silk velvets and velours or articles made in whole or principally thereof." The terms of an insurance policy are to be construed more strictly against the insurer than the insured. The language used is that of the insurer. So construed there is force in the suggestion that the words "or articles made in whole or principally

thereof," should be held to refer only to "silk velvets and velours." However that may be, the instruction given was within the language of the policy as formulated by appellant.

The record presents no ground for disturbing the verdict.

Order affirmed.