# Haden & Floyd v. Lehman, Durr & Co.

*Action on Promissory Note, by Indorsee against Maker.*

1. *What notes are commercial paper.*—A promissory note payable "at Matthews, Ala.," which is a station on the railroad, where there are several dwelling-houses, a post-office, and several store-houses, one of which was the maker's place of business, is not payable "at a certain place of payment therein designated," as the words are used in the statute (Code, § 2094) declaring what instruments are governed by the commercial law.

2. *Transfer of note as collateral security.*—When a promissory note is transferred as collateral security for an existing debt, without any new consideration, it is subject in the hands of the transferree to all defenses that could be asserted against the payee, if he were sning on it.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

This action was brought by Lehman, Durr & Co. against Haden & Floyd, and was founded on the defendants' promissory note for $140, which was dated January 29th, 1886, payable November 1st next after date, to the order of B. J. Logue, "at Matthews, Ala., value received, for rent of part of Hastings' place;" which was indorsed in blank by said Logue, and also by Belser & Parker. The plaintiffs sued as the indorsees of the note. The defendants pleaded the general issue, payment, and tender of $13.15 as the balance due; and the cause was tried on issue joined on these pleas. On the trial, as appears from the bill of exceptions, the plaintiffs offered the note in evidence, and proved that it was transferred by Logue, the payee, to Belser & Parker, as collateral security for a debt which he owed them, and by said Belser & Parker to plaintiffs, as collateral security for another debt, then due and owing from said Belser & Parker to them. The indorsement by Logue to Belser & Parker was made, as said Parker testified, "in the spring of 1886;" but it is not

[Haden & Floyd v. Lehman, Durr & Co.]

stated at what time the indorsement to plaintiffs was made. Said witness testified, also, that he notified defendants that the note had been transferred to Lehman, Durr & Co., and that payment must be made to them; but he did not state at what time this notice was given. "It was admitted that Matthews, the place mentioned in the note, is a station on the Montgomery and Eufaula railroad; that there are at said Matthews four store-houses where business is conducted, a railroad depot, a post-office, and several dwelling-houses; and that one of said store-houses is the store-house of the defendants, who are there engaged in business." The defendants offered to prove that the note was given for the rent of some land, part of a plantation belonging to one Hastings, which they had rented for the year 1886 from said Logue, who had rented the plantation from Hastings; that Logue owed Hastings $126 on account of rent, and gave him an order on defendants for that sum; that they paid part on the order to the agent of Hastings, before they had any notice of the transfer of the note to Lehman, Durr & Co.; that Hastings had threatened to levy an attachment on the cotton raised by them, for the rent due from Logue, and they then promised to pay him if he would procure an order from Logue, as he afterwards did. The court excluded all of this evidence, on objection by the plaintiffs; held that the note was commercial paper, and instructed the jury, on request, that they must find for the plaintiffs, if they believed the evidence. These several rulings, to which the defendants duly excepted, are here assigned as error.

SHAVER & HUTCHESON, for appellants.—(1.) The note is not commercial paper, under the statute, because it is not payable at a "certain place of payment therein designated." Code, § 2094. (2.) It is not commercial paper, for the further reason, that it shows on its face it was given for the rent of land belonging, not to the payee, but to a third person; and this operated as notice to every holder, or transferree, of the landlord's superior rights and statutory remedies.—*Lomax v. LeGrand*, 60 Ala. 537. Such a note is not an absolute, unconditional promise to pay any person into whose hands the note might pass.—*Rice v. Porter*, 1 Har. N. J. 440; *Blackman v. Lehman, Durr & Co.*, 63 Ala. 547; Dan. Neg. Instr., vol. 1, pp. 26, 35; Rand. Com. Paper, § 92.

RICE & WILEY, *contra*, contended—1st, that the note was

commercial paper; 2d, that it was immaterial whether the note was commercial or not, as the proof showed that it was transferred to plaintiffs before maturity, and defendants made the payment after notice of that transfer.

STONE, C. J.—The note sued on in this case is in the ordinary form of promissory notes, except that it is payable "at Matthews, Ala." It was admitted that the place named "is a station on the Montgomery and Eufaula railroad; that at said Matthews there are four store-houses where business is conducted, a railroad depot, a post-office, and several dwelling-houses; and that one of said store-houses is the store-house of the defendants, who are engaged in business at Matthews." One controverted question in this case is, whether the note sued on is commercial paper. Our statute —Code of 1876, § 2094—declares that "Bills of exchange and promissory notes, payable in money, at a bank or private banking-house, or a certain place of payment therein designated, are governed by the commercial law."

We hold that the note sued on is not commercial paper. It is not payable at a certain place of payment therein designated. Merely naming a city, town, or village, having many, or even several places of business, is not a compliance with the statute, either in letter or spirit. The intention was that a *certain* place should be designated; a place at which debtor and creditor could meet, the one to pay, and the other to receive payment. That is the sense of the provision, and that must be its interpretation. To hold otherwise, would be to open a door, the breadth and dimensions of which we can not foresee.

There is another fact shown in this record, which should be noted. The testimony is uncontroverted, that Logue, the payee of the note, "deposited the note (in suit) with Belser & Parker, as collateral security of his indebtedness to them, and that Belser & Parker deposited it with Lehman, Durr & Co., as collateral security for their, Belser & Parker's, indebtedness to Lehman, Durr & Co." The debt of Logue to Belser & Parker, as also the debt of the latter to Lehman, Durr & Co., each was much larger than the amount of the note sued on. There was no other testimony of the ownership of either Belser & Parker, or of Lehman, Durr & Co. A note or claim deposited or placed as collateral security to an existing debt, and upon no new consideration, is open to all defenses which could be made against the payee, if the

[Crampton v. Prince.]

collection was sought by him.—Colebrook on Col. Sec., 569; *Ware v. Russell*, 57 Ala. 43; *Connerly v. Pl. & Mer. Ins. Co.*, 66 Ala. 432; *Keel v. Larkin*, 72 Ala. 493; *Cap. City Ins. Co. v. Quinn*, 73 Ala. 558.

Many of the rulings of the trial court are not reconcilable with the principles above declared.

Reversed and remanded.