# Holloway *v.* Darden.

*Assumpsit.*

(Decided May 17, 1910.   53 South. 187.)

1. *Words and Phrases; Ratification; Waiver.*—Ratification and waiver are not synonymous terms.   Approval is the gist of ratification while abandonment or relinquishment is the gist of waiver.

2. *Pleading; Conclusion.*—Where the action was by an endorsee on a note and the endorser intervened and denied the validity of his endorsement for fraud, a replication averring that the endorser ratified the contract after notice that the contract did not contain the matter, the omission of which was charged as fraudulent, and waived the alleged fraudulent acts named in the endorsee's pleas after the execution of the alleged contract, and before the transfer of the note sued on by the plaintiff was demurrable because the allegations of waiver were but the conclusion of the pleader.

3. *Appeal and Error; Review; Scope.*—In reviewing a cause on appeal the supreme court is confined to a consideration of the errors assigned.

4. *Bills and Notes; Commercial Papers; Defenses.*—A note not specifying a place of payment is not commercial paper as defined by sections 869 and 870, Code 1896, and hence, is subject to defenses whether transferred before or after maturity.

APPEAL from Coosa Circuit Court.

Heard before Hon. A. H. ALSTON.

[Holloway v. Darden.]

Action by John A. Darden against J. L. Holloway. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The note sued on is as follows:

"$100.00.   Kellyton, Nov. 15, 1906.   On the 5th day of January, 1907, I promise to pay to the order of J. L. Holloway $100.00, with 1% interest, at Kellyton, Ala., value received, and so far as this debt is concerned, and as a part of the consideration thereof, we do hereby waive all the right which we, or either of us, have to claim or hold any personal property exempt to us from levy and sale under execution, and, should it become necessary to employ an attorney in the collection of this debt, we promise to pay all reasonable attorney's fees charged therefor. (Signed) E. F. Ogburn. A. B. Ogburn.

"For value received, I transfer within note to O. P. Sanders. Dec. 4, 1906. J. L. Holloway.

"I, O. P. Sanders, for value received, transfer the within note to John A. Darden. Dec. 5, 1906. O. P. Sanders."

GEORGE A. SORRELL, and WHITSON & HARRISON, for appellant. The purchaser of a note stipulating for usurious interest is not a bona fide purchaser and takes it subject to all the equities of prior parties.—129 Ala. 562; 5 Mayf. 104. The note was not commmercial paper.—*Hayden et al. v. Lehman-Durr & Co.*, 83 Ala. 243; *Renfroe Bros. v. M. & M. Bank,* 83 Ala. 425. Under the state of the pleadings, the claim that plaintiff was a bona fide purchaser of the note for value was not within the issue, as it could only have been set up by way of replication.—*Bomar v. Rosser,* 123 Ala. 641. Under the authority of this case the defense interposed by the substituted defendant was good and sufficient under the

issues, as made and tried. Having joined issues on these pleas they were made material, and if defendant proved either he was entitled to a judgment.—*M. & C. R. R. Co. v. Martin*, 131 Ala. 277; see also *Bomar v. Rosser, supra,* and *Wellman v. Jones,* 124 Ala. 580. Procuring a signature to a note by false representation is a good defense.—*Farmer v. Siler,* 132 Ala. 298. The note was subject to all the defenses.—*Marshall v. Schiff,* 130 Ala. 546; 2 A. & E. Enc. of Law, 1080; 4 Ib. 256.

LACKEY & BRIDGES, for appellee. Under the issues and the evidence, plaintiff was entitled to the affirmative charge as fraud is never presumed where the parties do not stand in confidential relation, and the burden was upon the defendant to prove his allegations of fraud.— *McDonald v. Pearson,* 114 Ala. 630; *Moses v. Katzelberg,* 84 Ala. 95. The courts take judicial knowledge of the days of the month.—*Brennan v. Vaught,* 97 Ala. 630. A waiver once made is final and conclusive.— *Walker v. Wigginston,* 50 Ala. 579; *Caulifield v. Finnigan,* 114 Ala. 39. The averments of plaintiff's 4th replication were established.—*Maxey's Case,* 45 Ala. 521. On the question of fraud see *Rush v. Brussard,* 30 So.

McCLELLAN, J.—E. F. and A. B. Ogburn executed, on November 15, 1906, to J. L. Holloway (appellant) a promissory note for $100, payable January 5, 1907. The report of the appeal will contain copy of the note. On December 4, 1906, Holloway transferred the note, of which he was the owner, to O. P. Sanders, as part consideration for the right to sell patent rights in the Economic Clothes Washer, a bargain that had been effected a few days previously. L. E. Sellers was associated with Sanders in the vending of such rights in Coosa county, among them the one sold to Holloway.

Sanders, on December 5, 1906, transferred the note to John A. Darden, appellee. Darden brought this suit against the Ogburns to enforce payment of the note.

Under Code 1896, § 2633 (Code 1907, § 6050), construed in *Stewart v. Sample, post,* 270, 53 South. 182, the defendants suggested that Holloway, original payee of the note, claimed the proceeds of the note. Holloway, seasonably and voluntarily appeared and propounded his claim, the grounds of which will be later stated, and thereupon became the substituted defendant (whom we will hereafter call the defendant), the Ogburns having paid the money into court. The contest instituted by Holloway assailed the validity of his assignment of the note to Sanders, and the basis for his asserted right rested on fraud in the negotiations and trade whereby Sanders and Sellers sold him the patent rights before mentioned.

There are, in effect, but two assignments of error, one assailing the court's action in overruling demurrer to replication 3 as amended, and the other questioning the propriety of the general affirmative charge given for plaintiff. The grounds of defendant's assertion of invalidity of the assignment of the note to Sanders are called pleas by counsel. We follow, for convenience, such nomination of the bases of the contest.

The issues of fact on the contest were made by these pleadings: First, the complaint; second, defendant's pleas 1, 2, 3, and 4, to the first three of which demurrers were overruled; third, joinder in issue on the pleas stated and special replication 3 as amended to plea 2, only, replications 2, 3 (original) and 4, having been stricken in response to demurrer. From the judgment entry it expressly appears that issue was joined after the ruling overruling demurrer to replication 3 as amended, thus affirmatively excluding the rejoinders,

appearing in the record, from consideration in determining the propriety of the affirmative charge on the evidence presented. This exclusion by the judgment entry precludes our consideration of much of argument pressed for appellant.

Taking up amended replication 3, that replication was addressed, as stated before, to plea 2 only. That plea, while very lengthy, asserts this, in substance: That the price Holloway was to pay for the patent right was $375.00; that Sanders falsely represented to Holloway that he (Sanders) had sold three rights, one each to D. O. Manning, M. Manning, and Skipper, at $500, and that out of each of these sales he would allow, and so would guarantee, Holloway $125, aggregating $375, in payment of the price required of Holloway, if Holloway would contract as indicated; that if the contract to be signed and that was signed would and did contain the stated matter of guarantee, but such was omitted from the contract signed by Holloway, without reading it, in reliance upon the representations that it did contain that matter; that Holloway relied in good faith upon, and was induced by the fraudulent representations alleged, to buy the patent rights offered him and to transfer the note in suit; and that he (Holloway), after finding out the fraud alleged and practiced upon him, notified Sanders that he would repudiate the transfer of the note and also notified the makers thereof not to pay the note; and that said note is his (Holloway's) property.

As amended replication 3 avers, in substance, that Holloway ratified the contract by executing the transfer and indorsement of the note in suit after notice that the alleged contract did not contain the matter stated in plea 2, and waived the alleged "fraudulent acts named in said pleas, after the execution of said alleged contract

[Holloway v. Darden.]

and before the transfer of the note sued on, to plaintiff."

The judgment entry recites that the demurrer to replication 3 was refiled thereto after amendment. The fourth and fifth grounds of demurrer take the point, in effect, that the averment of waiver in replication 3 as amended is a conclusion of the pleader, no facts being averred. To recur, that replication, after amendment, asserts in the first clause, as it were, that the defendant "ratified" the contract, omitting the stipulation mentioned, by transferring the note, etc.; but in the second clause or phrase it asserts a "waiver" of all the fraudulent acts alleged. "Ratification" and "waiver" are not, certainly in pleading, synonymous. To approve is the gist of "ratification." To abandon or relinquish is the gist of "waiver."—7 words & Phrases, p. 5928 et seq. This distinction in addition to the phraseology of the replication, forbids our interpreting it, after amendment, as relieved—at least the waiver feature of it—of the objection the demurrer pointed out. Doubtless it was intended to meet, by amendment, the demurrer's criticism; but in the actual operation of so doing the replication was not conformed as intended. The demurrer should have been sustained. To overrule it was error.

There is, in brief of counsel for appellee, argument assailing plea 2 in respect of its asserted silence in some particulars. We cannot on this appeal by Holloway alone, consider, with the view of revision, rulings of the court on demurrer to plea 2. We are confined, and so accord our review, to a consideration of the errors assigned.

The note transferred by Holloway was not commercial paper, not being payable at a designated place, as required by our statutes.—Code of 1896, §§ 869, 870; *Haden v. Lehman-Durr & Co.*, 83 Ala. 243, 3 South. 528;

[Butterworth & Lowe v. Cathcart.]

*First Nat. Bank. v. Slaughter,* 98 Ala. 602, 14 South. 545, 39 Am. St. Rep. 88; 7 Cyc. p. 602, note 32. So, whether transferred before or after maturity, defenses pleadable against the original transferee, Sanders, may be interposed against his (Sanders') transferee.

Consideration of the other error assigned is unnecessary.

For the error attending the overruling of the demurrer to replication 3 as amended to plea 2, the judgment is reversed and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.