MASON *versus* CRAIG et al.

1. Where an inferior court gives a proper judgment on demurrer, though the judge unnecessarily expresses an improper reason, for the judgment; such judgment will be sustained.
2. A replication, neither denying, avoiding, or admitting the averments of the plea to which it refers, is bad.

In error from the Circuit court of Lauderdale.

The plaintiff in error declared in debt, on a penal bond, conditioned for the prosecution of a writ of error, from the county, to the circuit court, of that county, wherein one Brown was appellant, and the defendants, his sureties.

The defendants pleaded—first, performance of the condition of the bond; and, second, that the cause had been reversed in the Supreme court.

To the last plea, the plaintiff replied, that the said case was affirmed in the circuit court; and, to that replication, the defendants demurred. The court sustained the demurrer; but, alleged as a reason for doing so, that the declaration was defective.

*W. B. Martin and P. Martin,* for plaintiff.
*Hopkins, contra.*

LIPSCOMB, C. J.—This was an action of debt, brought by the plaintiff, against the defendants, on a bond, for the prosecution of a writ of error from the County court of Lauderdale, to the Circuit court; in which writ of error one Dudley Brown was plaintiff, and the plaintiff in this suit, was the defendant.

The declaration avers, that the judgment was af-

firmed by the Circuit court, and that it remains in full force and effect. That Brown had departed this life, and that he never had paid the judgment; that his representatives had not paid, nor his securities, the present defendants, but that the same remained wholly unpaid.

The defendants plead conditions performed, on which issue was joined; and for further plea, they, in substance plead, that the said judgment of the County court, was afterwards taken by writ of error to the Supreme court, where the same was reversed, vacated, annulled, and for nothing held; and this they are ready to verify, &c. To this plea, the plaintiff replied, the judgment was affirmed, as in the said declaration mentioned. To this replication the defendants filed a general demurrer.

The court below sustained the defendants' demurrer, and on giving judgment for the defendants, on the demurrer, expresses, that it is for want of a sufficient "declaration in this case.".

The judgment of the court on the demurrer, is assigned as error.

The replication seems to be bad, because it neither denies, admits or avoids the matter of the plea. It affords no answer to the defence set up in the plea. It may be true that the judgment was affirmed in the Circuit court; this is not denied in the plea, nor is it the defence set up. The plea alleges, that the judgment was reversed in the Supreme court. If this was true, it amounts, *prima facie*, to a good defence. It sometimes occurs, that the judgment of the County, may be affirmed in the Circuit court; from which affirmance an appeal, or writ of error, may be prosecuted to the Supreme court, and

the judgment there reversed. This may have been the case with these parties.

It seems, though, that the Circuit court considered the replication as good, but sustained the demurrer for defects in the declaration. We can discover no fault in the declaration ; it seems to us to be good. On the demurrer the Circuit court was called on to scan the whole proceedings, and give its judgment against the party who had committed the first fault in pleading ; this was supposed, by the judge, to be in the declaration. The consequence of this error in the Circuit judge, may be essentially different from what it would have been if he had adjudged the replication to be bad ; it is possible, in that event, the plaintiff would have either withdrawn his replication, amended it, or taken issue on the defendants' plea. But, when the error was said, by the court, to be in the declaration, the plaintiff's confidence in its sufficiency, may have been the cause of his declining to amend, and risking its fate in this court. But, however this may be, we cannot relieve the plaintiff; he certainly committed the first fault, by his bad replication ; and we cannot reverse the judgment rendered on it, although he may have been misled by the opinion of the judge. Were we to reverse, we should be inflicting an injury on the defendants who have committed no fault. There was no necessity for the judge expressing the particular part of the pleading he thought bad, and on which his judgment was founded ; it should have been on the demurrer, either in favor or against the plaintiff. If he has given a wrong reason, or siezed on an improper ground for a correct judgment, it canot affect the soundness of the conclusion, although such bad

reasoning may have misled the plaintiff. The terms in· which the·replication is expressed forbid the conclusion, that the judgment, notwithstanding its being reversed in the Supreme court, may have been sent to the County court and there affirmed.

Judgment affirmed.