## CHAUDRON vs. FITZPATRICK, Gov'r, &c.

1. A demurrer to a plea opens the previous pleadings and reaches back to the declaration.

2. A bond taken by the justice of the peace from a party charged with the paternity of a bastard, conditioned for his appearance at court. &c., as required by the statute, (Clay's Dig. 134, § 2,) is properly made payable to the Governor of the State for the time being and his successors in office.

3. An action of debt on a bond payable to the Governor for the time being and his successors in office cannot be maintained in the name of the obligee, as Governor, after he has gone out of office, unless the suit is brought for the use of a third person who may be responsible for the costs and entitled to the recovery.

ERROR to the County Court of Mobile.

PERCY WALKER and CAMPBELL, for plaintiff in error:

The declaration is bad—1st. Because it should have been in the name of the successor of Fitzpatrick.—4 Wend. 406.

2. Because there is no averment that the defendant, Hoskins, was called to appear according to the tenor of the bond.—4 N. Hamp. 366.

The ruling of the court below on the second plea was erroneous, as the judgment thereon was not rendered upon a default of the defendant, Hoskins, to appear, but upon his not abiding the order of the court. The replication to that plea is the only part of the record averring any breach.

The judgment below is erroneous. There should have been a jury, or a suggestion on the roll of breaches, &c.—Clay's Dig. 330; 1 Saund. Pl. & Ev. 319-20.

The judgment is improperly entered, in being rendered to the use of Mary Shea, the mother of the bastard.—Trawick v. Davis, 4 Ala. 833.

The bond is larger than the statute and requires duties not enjoined by it, and is therefore void.—Clay's D. 134; 2 Mar. 69.

The statute simply requires the reputed father to appear in court, and if he does so, his securities are discharged.

The bill of exceptions in the original cause against the putative father, and which forms a part of the record, shows that he did appear. That appearance absolved his surety, and it was

42

the duty of the County Court to require a new bond. The continuance of the cause at his instance may have kept the bond in force as to himself, but not as to the security.

PHILLIPS, contra:

The defendant was liable to an action on the bond, for failing to appear, though no conviction was had against him; and it was competent to render the judgment for the statutory penalty, without the intervention of a jury.—Lake & Barron v. Governor, 2 Stew. 395; Trawick v. Davis, 4 Ala. 331; Jordan v. Lovejoy, 20 Pick. 86.

The bond required by the statute continues in force until the case is disposed of, or the sureties are discharged by an order for that purpose.—Trawick v. Davis, 4 Ala. 331; Taylor v. Hughes, 3 Green. 433; Blood v. Merrill, 17 Verm. 598.

The plaintiff, who sues on a penal bond, may frame his declaration on the penal part, without assigning breaches.—Herndon v. Forney, 4 Ala. 243.

The continuance was within the discretion of the court, and could be set aside by order for that purpose.—Innerarity v. Frowner, 2 Ala. 150.

The conditions of the bond not required by the statute, do not vitiate the bond.—Polk v. Plummer, 2 Humph. 500; McCaraher v. Commonwealth, 5 Watts & S. 21; Ring v. Gibbs, 26 Wend. 502; Dixon v. United States, 1 Brock, 177-195; Sanders v. Rives, 3 Stew. 109; Whitted v. Governor, 6 Por. 335.

A bond, though not taken in the manner prescribed by the statute, may be good as a voluntary deed.—State v. McAlpin, 4 Ired. 140; Howard v. Brown, 8 Shep. 385; Seawell v. Franklin, 2 Por. 493.

A judgment in a bastardy proceeding will not be reversed because the judgment entry omits to state in whose favor the judgment was rendered.—Yarborough v. Judge County Court, 15 Ala. 556.

There is no error in the judgment, which asserts that it was for the use of Mary Shea.—State v. Dorsey, 3 Gill & J. 74. And, again, there is no such error assigned; and is a matter of which defendant cannot complain.

The bond is payable to the Governor of the State, and the name of Fitzpatrick might be struck out.—Governor v. Allen & McMurdie, 8 Humph. 183.

Chaudron v. Fitzpatrick, Governor &c.

CHILTON, J.—This was an action of debt, upon the penalty of a bond executed by the plaintiff in error as surety for one Henry Hoskins, payable to Benjamin Fitzpatrick, Governor of the State of Alabama, and his successors in office. The writ and declaration are in the name of Benjamin Fitzpatrick, describing him as Governor of this State, whereas the suit was instituted on the 8th day of June, 1847, after Fitzpatrick had gone out of office.

It appears by the condition of the bond, which is set out on oyer in the subsequent pleadings, that the principal obligor was brought before one Kemball, a justice of the peace, charged with being the father of a bastard child, born of one Mary Shea, and said justice being of opinion that the offence should be farther inquired of, it was thereupon stipulated in the said condition, "that if the said Henry Hoskins should make his personal appearance at the next term of the County Court to be holden for Mobile county, on the 2d Monday in February, 1845, then and there to be dealt with as the law directs, and shall abide the order and judgment of said court and not depart without license, and shall, in the mean time, keep the peace towards all persons, and especially towards Mary Shea, then the bond to be void," &c.

The record shows a demurrer to the declaration, but it does not appear what disposition was made of it. It however appears that the plaintiff below filed his demurrers to several pleas of the defendant, and according to the settled practice, this opened the pleading, and the demurrer reaches back to the declaration.

The view we take of this case renders it unnecessary that we should examine but the question, whether the action was properly brought in the name of Benjamin Fitzpatrick? The statute (Clay's Dig. 134, § 2,) which requires the justice of the peace, if sufficient cause appears, upon a preliminary examination of the female, touching the paternity of the child born or to be born of her, to bind the supposed father in a bond with good security, to be and appear at the next County Court to be holden for the county, and in the meantime to keep the peace, &c., does not designate the person to whom the bond shall be made payable, nor does it provide how it shall be proceeded upon in case of forfeiture. It was, however, decided at an early day, that such

bond should be made payable to the Governor, (Lake v. The Governor, 2 Stew. 395,) and we are of the opinion that the decision in that case should be adhered to upon that point. But the question arises, how shall the parties be proceeded against upon the bond for a breach of its condition?

It has been held, that official bonds payable to the Governor *eo nomine*, and his successors in office, are, in legal effect, obligations to the Governor as the chief executive officer of the State, and may be sued and declared on without noticing the obligee's name; and that where a suit is brought in the obligee's name, (describing him officially,) who was superseded in office before its commencement, it will be regarded as an action by the Governor, and the name of the individual will be regarded as surplusage.—Bagby, Governor, use &c. v. Chandler & Chandler. 8 Ala. 230. Now we are not disposed to question the propriety of this decision, in holding that the name of the individual suing may be regarded as surplusage, in cases where the suit is brought for the use of a third party who has the right to put the bond in suit, to recover damages as a compensation for some official malversation, which has injuriously affected him; but we do not feel authorized, upon established legal principle or precedent, to hold that when no one appears on the record as the beneficiary or *usee*, any one may put the bond in suit, describing himself as Governor, and recover, upon the ground that the Governor, and not the individual, is suing. In such cases as this, which are not brought for the use of any one, some one having by law authority to move in the matter of recovering upon the bond, must appear upon the record. We may concede that the suit may be brought, describing the plaintiff—" The Governor of the State of Alabama"—or in the name of the individual who for the time being may fill the office, describing him as such Governor, and averring that he is the successor, &c. of the obligee, which would certainly be the more regular mode of conducting the action; but where one, who, at the time the suit was commenced was not Governor, sues for the use of no one, how can we judicially know that the suit is not in the individual right of the party who describes himself as Governor. Ordinarily, the addition of " Governor, &c.," would be regarded as descriptive of the person, and the description, instead of the name of the person, might be rejected as surplusage.

We are willing to adhere to the former decisions, to the extent to which they have gone, but are unwilling to extend them to cases where it does not appear that the person suing as Governor is a mere nominal party, suing for the use of some one named upon the record. Where a named individual is a party, describing himself by a wrong designation, as Governor, without suing for the use of some one else, the result must be to have no one responsible for the cost. It is not a suit by the State, nor yet, if the construction contended for be the correct one, is it a suit by an individual, but a nondescript, for which neither the statute nor the common law makes provision.

We conclude, therefore, that it is not competent for one to sue upon such bonds, describing himself as Governor, when in fact he was not, at the time the suit was instituted, the Governor of the State, unless the suit is brought for the use of some one, who under the statute would be responsible for the cost and entitled to the recovery. The declaration being defective, the demurrer should have been visited upon it.

Let the judgment be reversed and the cause remanded.