# Seaboard Air Line Ry., *et al. v.* Wright.

*Action for Damages to Crops from Stock Depredations on Account of Insufficient Cattle Guards.*

(Decided June 6th, 1906.   41 So. Rep. 461.)

*Railroads; Precautions against Stock; Cattle Guards; Pleadings; Defenses.*—As a defense to an action for damages to crops by stock trespassing thereon, alleged to be due to the insufficiency of the cattle guards on defendant's railway at the point where same enters plaintiff's field, a plea which alleges that defendant maintained cattle guards at the place in question known as the "Sheffield Metal Surface Cattle Gaurd, which were in general use for like purposes by and on all or most of the railroads in the United States, was fatally defective in failing to allege that they were reasonably sufficient for the purpose of turning stock.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JOHN PELHAM.

Action by appellee against appellant under section 3480 of the Code of 1896 for damages to crops for want of proper cattle guards. Defendant filed, among others, plea No. 4, which is as follows: And for further answer to plaintiff's said complaint the said defendant says that prior to the said grievances alleged in the complaint the said defendant constructed and erected at the place, or places upon the lands in said complaint mentioned, where the defendant's railroad enters and leaves the plaintiff's said lands, cattle guards of standard make, commonly known as the "Sheffield Metal Surface Standard Cattle Guard," and were then and there properly constructed and erected and thereafter properly maintained, and so properly constructed, erected, and maintained were at said place or places at the time of the grievance complained of in said complaint; and that said cattle guards are in general use, for like purpose, by all or most of the railroad companies now and then engaged in the business of operating railroads in the

state of Alabama, and neighboring states of the United States. And said defendant further avers that the only other cattle guards heretofore in use by said railroad company were and are what are known as the "Pit Cattle Guard," which were and are dangerous to the operation of trains on railroads and to the life and limb of passengers and employes upon said trains, whereas said standard cattle guard are not so dangerous, and for that reason said pit cattle guards have been generally discarded by companies operating well-regulated railroads, and were not used by this defendant upon its line of railroad and upon the lands mentioned in said complaint. And the said defendant avers that the cattle guards, so constructed and erected as aforesaid, were in good repair prior to and at the time of the alleged grievance." The plaintiff interposed demurrers to the fourth plea, because the matters and things alleged therein are impertinent and constitute no answer to plaintiff's complaint, and because the said plea fails to allege that the cattle guard so erected was sufficient to prevent the depredation of stock upon the lands and growing crops of plaintiff. This demurrer was sustained. There was judgment for plaintiff, and defendant appeals.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellants. Counsel discuss assignments of error but cite no authorities.

SMITH & HERRING, for appellee. No brief came to the Reporter.

TYSON, J.—This action was brought to recover damages suffered by plaintiff on account of injuries to his growing crop caused by stock depredating upon them. The gravamen of the complaint is the negligent failure of defendant, after demand, to erect and maintain guards, so as to prevent the stock from going into plaintiff's fields when his crops were growing. The averment is "that the stock gaps or cattle guards at the points where defendant's said railroad track enters into plaintiff's said fields are and have been at all times wholly insufficient to prevent stock from passing over the same

[Seaboard Air Line Railway., *et ·al.*, v. Wright.]

and entering into plaintiff's fields, etc. It is entirely clear that the action was brought for a violation of the duty created and imposed by. section 3480 of the Code of 1896.

The fourth plea to which a demurrer was sustained neither traverses nor confesses and avoids the averments of the complaint. It contains no averment that the guards erected and maintained by defendant were reasonably sufficient for the purpose for which they were erected. *Non constat,* they may be wholly insufficient, as alleged in the complaint; and clearly, if they are, the fact that they are in use by all well-regulated railroads does not and cannot exempt the defendant from liability for a violation of the duty which it owed the plaintiff. We do not wish to be understood that, if the plea contained all the necessary averments to make it a good traverse, we would hold that the sustaining of a demurrer to it would be a reversible error. The matter, if properly pleaded as a defense, would be clearly admissible as evidence under the general issue.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.