# Gay, *et al. v.* Hester, *et al.*

## *Ejectment.*

(Decided Dec. 16. 1909.—51 South. 329.)

1. *Appeal and Error; Review; Necessity of Assignment.*—Errors not assigned will not be considered by this court on appeal, although insisted on in brief of counsel.

2. *Ejectment; Evidence; Deeds.*—A deed is admissible as color of title over the objection that it was not properly executed although the two grantors signed their name by mark, and the attestation was by one witness only, and the deed was neither acknowledged nor recorded.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Statutory ejectment by Eliza Hester and others against J. M. Gay and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

The deed from Wood to Moses was of date December 4, 1868, signed by W. W. Woods and L. A. Woods, by their mark, and attested by John W. Gray. The objection to the introduction of the deed was that it was signed by mark and had only one witness, and was not acknowledged or recorded, nor was it of such ancient character as to dispense with these requirements.

HOOTEN & OVERTON, and STELL BLAKE, for appellant. Counsel discuss errors not assigned and cite authority in support of their contention. They insist that the court erred in the admission of the deed in evidence.— *Henderson v. Kirkland,* 127 Ala. 185; Sec. 3355, Code 1907, and citations; 140 Ala. 378.

HEFLIN, BURNS & BYNUM, for appellee. No brief came to the Reporter.

[Elder, et al. v. Jones.]

McCLELLAN, J.—Statutory ejectment by appellees against appellants. There are eight assignments of error, but only that numbered 1 is insisted on in brief of counsel for appellant. There is argument and citation of authority addressed to asserted errors on the trial, but these are not among the assignments. Of course, such matters cannot be considered, unless assigned as error. The mere statement in brief that certain acts of the trial court were erroneous, will not avail to invoke the consideration thereof here. They will be treated as waived.—2 May. Dig. 147, et seq.; 5 May. Dig. 35.

The first assignment complains of the admission in evidence of what purported to be a deed from Wood to Moses, of date December 4, 1868, describing a part of the lands in dispute. The court admitted it as showing color of title. The appellants' criticism is that the instrument was not efficaciously executed.. The criticism is ill-founded, and the court properly ruled in admitting the paper, as has long been settled here. Some of the authorities on the proposition are collected in 5 May. Dig. 161.

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.