## B. A. Stewart, Appellee, v. Bloomington, Champaign & Decatur Railway Company, Appellant.

1. RAILROADS—*what instruction erroneous as to sufficient cattle guards.* In an action for the value of a horse killed by an electric car of defendant it is error to instruct that, if the jury believe from the evidence that the horse in question without negligence on plaintiff's part got upon defendant's railroad track over a cattle guard maintained by defendant, that the horse got on the railroad on account of the insufficiency of said cattle guard, and that the place where the animal was killed was not at the crossing of a public highway, nor within the limits of a town, city or village

and that said railroad had been open for use for six months or more before the time said animal was killed, then in such case they should find the issues for plaintiff.

2. RAILROADS—*when cattle guard complies with statute.* If a railroad cattle guard is suitable and sufficient to prevent ordinary stock or stock to some extent unruly from getting on the railroad, it complies with the statute and the owner of a horse which passes over such guard on the railroad where it is killed by a car cannot recover.

3. RAILROADS—*when no recovery on ground that cattle guard is not suitable.* If a horse passes over a railroad cattle guard because of its unruly character and not because the guard is not suitable and sufficient to turn stock and not because of the railroad company's negligence in failing to maintain a suitable and sufficient guard, the owner is not entitled to recover if such horse is killed on the railroad by a car.

4. RAILROADS—*what evidence proper as to whether a cattle guard is suitable and sufficient to turn stock.* In an action for the value of a horse killed by defendant's electric car on its right of way because of defendant's alleged negligent failure to keep and maintain good and sufficient cattle guards, evidence by experienced railroad men that the guard in question is of a standard make and in general use on first class railroads is proper.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 18, 1913.

LIVINGSTON & BACH and H. C. WHITE, for appellant.

N. W. BRANDICAN and WELTY, STERLING & WHITMORE, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case brought by appellee against appellant to recover the value of a horse killed by one of appellee's electric cars upon its right of way during the night of July 31, 1910. Appellee avers in his declaration that it was the duty of appellant to keep and maintain "good and sufficient" cattle guards to prevent animals from passing upon appellant's right of way and that the appellant negligently failed to

keep and maintain such good and sufficient cattle guards.

Appellee offered hearsay evidence which tended to show that the horse had been put in his barn lot the evening before it was killed and that it had broken out of the lot on the highway and wandered along the highway to the railroad crossing. There is evidence tending to show the horse passed over the cattle guard on to the railroad where it was killed by a train, but there was no competent evidence on the question as to where the horse was left that evening or how it escaped from appellee. The evidence offered by appellee however tended to show that the horse was not an ordinary animal, but unruly. Since the case must be reversed for the giving of an erroneous instruction we refrain from discussing the merits of the case.

The second instruction given for appellee is: "The court instructs the jury that if they believe from the evidence in this case that plaintiff's horse in question without negligence on the part of plaintiff, got upon defendant's railroad track over a cattle guard maintained by said defendant; that said horse got on the said railroad on account of the insufficiency of said cattle guard, and that said place where said animal was killed was not at the crossing of a public highway, nor within the limits of a town, city or village, and that said railroad had been open for use for six months or more before the time said animal was killed, then in such case you should find the issues for the plaintiff." This instruction directs a verdict and tells the jury that if the horse got on the railroad track without negligence on the part of appellee then it got on the track on account of the insufficiency of the cattle guard. It does not leave to the jury the question whether the cattle guard was suitable and sufficient to turn stock and whether the appellant was negligent in failing to provide a suitable and sufficient cattle guard.

If the cattle guard was suitable and sufficient to pre-

vent ordinary stock or stock to some extent unruly, from getting on the railroad, then it complied with the statute and there could be no recovery by appellee. If the horse got over the cattle guard not because the cattle guard was not suitable and sufficient to turn stock, and not because of negligence of appellant in failing to maintain a suitable and sufficient cattle guard, but because of its unruly character, then appellee was not entitled to recover. The instruction directing a verdict was erroneous in omitting a material element of the case and in assuming that the cattle guard was insufficient without requiring the jury to find such to be a fact from the evidence.

The appellant offered to prove by experienced railroad men that this particular cattle guard is of standard make and in general use on first class railways. An objection was sustained to this evidence. This evidence was proper as tending to support the contention that the cattle guard in question was suitable and sufficient to turn stock. *Lake Erie & W. R. Co. v. Murray*, 69 Ill. App. 274. Because of the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*