# North Birmingham Trust & Savings Bank, *et al. v.* Adams.

## *Trespass.*

(Decided November 27, 1913. 63 South. 1022.)

1. *Appeal and Error; Review; Immaterial Question.*—Where a count in a complaint is stricken, all questions arising on the rulings on demurrers to such counts are eliminated and not presented for review.

2. *Trespass; Realty; Complaint.*—The complaint in trespass to land which substantially follows the form laid down in the Code for such action is not subject to demurrer.

3. *Appeal and Error; Review; Matters Assigned.*—Where the rulings on demurrer to a count in a complaint were not assigned as error, they cannot be reviewed on appeal.

[North Birmingham Trust & Savings Bank, et al. v. Adams.]

4. *Same; Rulings on Motion.*—To be reviewable on appeal, a motion for a discontinuance must be presented by proper bill of exceptions.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by J. B. Adams against the North Birmingham Trust & Savings Bank and another. From a judgment for plaintiff, defendants appeal. Affirmed.

The first count was for use and occupation of certain described premises. The second count was for damage for trespass upon the same premises. The third count was for damages for the same cause as set out in the second count, and alleging additionally the exclusion of plaintiff from rightful possession of the same. The demurrers were on the ground that the counts were vague, indefinite, and uncertain, and for misjoinder of actions, in that the first count was ex contractu, and the second and third ex delicto, with no statement that they arose out of the same transaction. Other demurrers raised the question that the counts failed to show how and in what manner the trespass was committed, or how any duty owing plaintiff was violated.

BURGIN, JENKINS & BROWN, for appellant. The causes of action ex delicto and ex contractu cannot be joined unless the complaint shows that the action arose out of or relates to the same subject matter and transactions. —Sec. 5229, Code 1907. The complaint based on the trespass quare clausum fregit is subject to demurrer.— *Garrett v. Sewell,* 10 South. 226; s. c. South. 737; *Agnew v. Jones,* 23 South. 25; *Brown v. Solary,* 19 South. 161; *O'Neal v. Simonton,* 19 South. 412; *Blevins v. Sole,* 1 Ala. 210. The dismissal as to one of defendants operated as a discontinuance.—Secs. 2502 and 5266, Code 1907; *Backus v. Mickle,* 45 Ala. 445; *Slade v. Street,* 77 Ala. 576; *Evans M. Co. v. McDonald,* 37 South. 830.

JOHN T. GLOVER, for appellee. Errors assigned but not insisted on in brief and argument are waived.—*Pearson v. Adams,* 129 Ala. 157. The first count was not subject to demurrer, nor was the 2nd, as they were in Code form.—*Burgess v. Am. Co.,* 115 Ala. 468; *Weaver v. Jones,* 24 Ala. 423. There was no discontinuance, and if there was the record nowhere discloses any action by the court on the motion.—*So. Ry. v. Attalla,* 147 Ala. 653; *Ala. N. Bank v. Hunt,* 125 Ala. 512; *Mortgage Co. v. Exnor,* 98 Ala. 608. In any event, there was no discontinuance.—*Strickland v. Wedgeworth,* 45 South. 653; *Roman v. Dreher,* 55 South. 1015.

DOWDELL, C. J.—The complaint originally contained three counts, but was subsequently amended by striking out the first count. This eliminated all questions arising on rulings on demurrer to the stricken count.

The second count was substantially in code form (Code 1907, § 5382, form 26, on p. 1199), and was not open to the demurrer directed against it. See *O'Neal v. Simonton,* 109 Ala. 167, 19 South. 412.

The ruling on demurrer to the third count is not assigned as error on the record, and is therefore not to be considered.

The transcript contains no bill of exceptions, and the record in no wise shows any action by the court on the motion for discontinuance. Ruling, however, on such motion, should be shown by proper bill of exceptions. We find no reversible error in the record, and the judgment will therefore be affirmed.

Affirmed.

MCCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.