(76 South. 79)

WINFIELD BANK & TRUST CO. v. ROBERTS. (6 Div. 546.)

(Supreme Court of Alabama. May 17, 1917.)

1. PRINCIPAL AND SURETY ⬲156—PLEADING—DEMURRER.

In an action against a surety on a note, pleas alleging that defendant executed the note as surety, which was known to the plaintiff at the time it received and accepted the note, and that at the time the note was due or thereafter the principal had money deposited with the plaintiff, which was a banking company, sufficient to pay or satisfy the note, which money was not deposited for any special purpose, and that it was the duty of plaintiff to satisfy or pay the note out of such fund of the principal, which plaintiff failed or refused to do, and that the principal is now insolvent, and that the defendant as surety was released for further liability on the note, and that at the time plaintiff received and accepted the note it notified the defendant that the principal had transferred to the plaintiff three cars of lumber, proceeds of which would be applied to satisfy the note, and that the plaintiff sold the lumber, and that, if the note was not paid from such funds, it was the fault of plaintiff, and that hence plaintiff should not recover of defendant in this action, were not demurrable, but, if the effect given by law to the facts averred could be avoided because the creditor had other debts against the principal, that matter should have been brought forward through replication to the plea, since it was not an excluding allegation of fact that the defendant was obliged to negative in his plea.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 423-426.]

2. PRINCIPAL AND SURETY ⬲114—INSOLVENCY OF PRINCIPAL — DUTY OF CREDITOR TO APPLY FUNDS.

The insolvency of the principal is not a condition to the existence of the duty on the part of the bank to apply a general deposit of the principal to the satisfaction of the principal's indebtedness to the bank which, to fail to observe, operates the discharge of the surety.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 240-243.]

3. APPEAL AND ERROR ⬲232(1½) — DEMURRER—SPECIFICATION OF OBJECTIONS.

Grounds of demurrer not specified as required by Code 1907, § 5340, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1426.]

4. PRINCIPAL AND SURETY ⬲156—PLEADING—DEMURRER—GROUNDS.

In an action against the surety on a note, grounds of demurrer that plea was no answer to the complaint that no duty rested on plaintiff to charge off principal's account in money in the bank at the time of the execution of the note or at the time it matured, that the facts set up are not sufficient to constitute a valid defense, that it is not alleged that the note sued upon was the only indebtedness of the principal to the plaintiff

---

[7] 196 Ala. 385.    [8] 15 Ala. App. 227.    [9] 15 Ala. App. 480.    [10] 196 Ala. 586.    [11] 14 Ala. App. 122.

which was due and payable at the time of maturity of the note, and because the plea is vague, indefinite, and unintelligible, addressed to pleas alleging that funds of the principal in the hands of the plaintiff which should have been applied to the payment of the note, were entirely inapplicable to pleas alleging absence of consideration to support the promise of defendant as surety.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 423–426.]

5. PRINCIPAL AND SURETY ⬤⇒156—PLEADING —DEMURRER.

In an action against the surety on a note, pleas alleging that defendant signed the note as surety without consideration, and that the note was given for a past-due indebtedness of the principal to the plaintiff, and that therefore the note was void as to the surety, were not demurrable; there being nothing in the pleadings to justify the assumption that in consequence of signing the instrument there was induced or effected an extension of the time of payment or any other form of forbearance.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 423–426.]

Appeal from Circuit Court, Marion County; C. P. Almon, Judge.

Assumpsit by the Winfield Bank & Trust Company against T. A. Roberts. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The following are the pleas referred to in the opinion:

"(5) For further special plea this defendant says that he executed the note sued on as surety for W. S. Taylor, the principal thereof, which fact was known by plaintiff at the time it received and accepted said note, and that at the time said note was due, or thereafter, said W. S. Taylor had money deposited with plaintiff, which was a banking company doing a banking business at Winfield, Ala., sufficient to pay or satisfy the said note, which money was not deposited for any special purpose, and defendant alleges that it was the duty of plaintiff to satisfy or pay said note out of the funds of W. S. Taylor, which plaintiff failed or refused to do, and defendant avers that said W. S. Taylor is now insolvent, wherefore this defendant says that he as surety of said Taylor was released from further liability on said note."

(6) Same as 5 down to and including the words, "received and accepted said note" and adds: "that at the time plaintiff notified this defendant that said Taylor had transferred to plaintiff three cars of lumber for sale, the proceeds of which would be sufficient to satisfy said note when said lumber was sold; that plaintiff would pay said note out of the proceeds of the sale of said lumber. This defendant alleges that plaintiff sold said lumber and realized a sufficient amount of money from the sale thereof to satisfy or pay said note; that if said note was not paid from said funds, it was the fault of plaintiff, wherefore this defendant says that plaintiff should not recover of him in this action."

"(A) This defendant says he is surety for W. S. Taylor, who is the principal in said note sued on; that said W. S. Taylor executed said note on, to wit, January 22, 1913, and plaintiff received and accepted said note, and advanced the money to said W. S. Taylor, which indebtedness said note represents; that thereafter, in the month of June, 1913, this defendant, without any consideration, signed or executed same as surety for said W. S. Taylor as aforesaid,

and he avers that same was without consideration and void as to this defendant, wherefore he says plaintiff should not recover of him in this action.

"(B) Defendant says he executed the note sued on as surety for W. S. Taylor, the principal thereon; that said note was given for a past-due indebtedness of said Taylor to plaintiff, and there was no consideration to plaintiff for the execution of same as to this defendant, and is therefore void as to him."

The demurrers are: No answer to the complaint; no duty resting upon plaintiff to charge off defendant Taylor's account any money he may have had in the bank at the time of the execution of this paper, or at the time said paper matured; the facts set up are not sufficient to constitute a valid defense; it is not alleged that this note sued upon was the only indebtedness of Taylor to plaintiff which was due and payable at the time of maturity of the note sued on in this case, because the same is vague, indefinite, and unintelligible.

E. B. & K. V. Fite, of Hamilton, and A. F. Fite, of Jasper, for appellant. W. F. Finch, of Jasper, for appellee.

McCLELLAN, J. The appellant, a banking company, sued W. S. Taylor, W. T. Pate, and T. A. Roberts, appellee, on a promissory note made to the banking company. Judgment by default was taken against Taylor and Pate. Appellee appeared and contested the cause. Among other pleas, he interposed those numbered 5, 6, A, and B. These pleas, with the demurrers thereto, will be reproduced in the report of the appeal.

[1] The sufficiency of plea 5 against the demurrer filed is adjudged in Tatum v. Com. Bank & Trust Co., 193 Ala. 120, 124, 69 South. 508, L. R. A. 1916C, 767, et seq. If the effect given by law to the facts averred in the plea could be avoided because the creditor had other debts against the appellee's principal in the note, that matter should have been brought forward through replication to the plea; it was not an excluding allegation of fact that the defendant was obliged to negative in his plea. The insolvency of the principal is not a condition to the existence of the duty on the part of the bank to apply a general deposit of the principal to the satisfaction of the principal's indebtedness to the bank, which, to fail to observe, operates the discharge of the surety.

[2] The sixth plea invoked the same principle; and that plea was not subject to the demurrer. White v. Life Asso., 63 Ala. 419, 424, 35 Am. Rep. 45 et seq.; Tatum v. Com. Bank & Trust Co., supra; Davenport v. State Banking Co., 126 Ga. 136, 54 S. E. 977, 8 L. R. A. (N. S.) 944, 115 Am. St. Rep. 95, 7 Ann. Cas. 1000 et seq.

[3] Pleas A and B affirm a state of facts that disclose the absence of consideration to support the promise (of appellee) declared on. We find in the record no grounds of demur-

rer to these pleas, specifying objections within the rule of Code, § 5340, other than the general appropriation to the purpose of the grounds of demurrer addressed to pleas 5 and 6.

[4] The difference between the two classes of pleas renders grounds addressed to pleas 5 and 6 entirely inapt to pleas A and B. Nevertheless it is very clear that these pleas, A and B, were not demurrable. Rutledge v. Townsend, 38 Ala. 706, 712.

[5] There is nothing in these pleas to justify the assumption that in consequence of signing the instrument there was induced or effected an extension of the time of payment or any other form of forbearance.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.