(76 South. 856)

GULF, F. & A. RY. CO. v. SHARPE.
(1 Div. 961.)

(Supreme Court of Alabama.   Nov. 15, 1917.)

1. RAILROADS ⬄188 — CONSTRUCTION — MECHANICS' LIENS—PLEADING.

A bill seeking to enforce mechanics' liens on the unpaid balance due on the work from the owner to the contractor for railroad construction is not subject to the objection that it seeks to enforce a lien on the roadway of the railway, although it prays for execution to enforce payment of claim.

2. RAILROADS ⬄186 — MECHANICS' LIENS — PARTIES.

In suit by laborer to foreclose mechanics' liens on unpaid balance due the contractor for railroad contruction, the subcontractor who employed the laborer was a necessary party.

3. RAILROADS ⬄159(11)—MECHANICS' LIENS —FILING STATEMENT—TIME.

A laborer, in order to enforce a mechanic's lien, must, under Code 1907, § 4758, file a verified statement of complaint within 30 days after the accrual of the indebtedness.

Appeal from Law and Equity Court, Mobile County; W. G. McCorvey, Judge.

Bill by S. B. Sharpe against the Gulf, Florida & Alabama Railway Company, to enforce a lien for work and labor. Decree for complainant and respondent appeals. Reversed and remanded.

The bill shows that the respondent, the Gulf, Florida & Alabama Railroad Company, contracted with respondent, the Eastern Construction Company, to construct certain trestles along its road in Mobile county; that said construction company subcontracted for said work with one T. J. Gladwell; that Gladwell employed complainant, S. B. Sharpe, to work on said trestle, and that complainant did work thereon during the months of September, October, and November, 1915, for which work there was 'due him more than $500. It is alleged that complainant (and certain other employés of Gladwell on the same work, who are brought in as parties respondent) on December 28, 1915, filed their mechanic's lien in the probate office of Monroe county, on trestles Nos. 11 to 50, inclusive,  *  *  * said amounts claimed above being due for work performed by said claimant upon said trestle as specified in said claim for mechanic's lien. It is further alleged that just previous to the filing of said claim and lien  *  *  * as above alleged, notice was given to said Gulf, Florida & Alabama Railway Company, and to said Eastern Construction Company, that there was due to orator  *  *  * and also that orator had filed in the probate office his verified accounts as required by law in said cases, and his claim of a lien on said trestle for the payment of said amount due him. The bill shows that at the time said notice was given there was an unpaid balance of about $1,200 due under said contract in the hands of the owner, and complainants claim a lien thereon for the amount due him. The prayer of the bill is for the ascertainment of the amount due complainant, and the fixing of a lien in his favor on the money in the hands of the railroad company, and that said railroad company be required to pay complainant the amount of his claim, in default of which a writ of fieri facias be issued for its collection out of said railroad company's property. Demurrers were filed by the railroad company and the construction company, and attacked the bill on three grounds substantially: (1) That there is no equity in the bill, in that it is an attempt to enforce a lien upon the property of a railroad company which is used or is expected to be used by the railroad company as a common carrier; (2) that Gladwell is not only a proper but a necessary party, and is not made a party, and (3) the bill does not show that complainant's mechanic's lien was filed within the time required by law. These demurrers were overruled, and the appeal is from that judgment.

Barnett, Bugg & Lee, of Monroeville, for appellant. C. J. Torrey, of Mobile, and C. L. Hybart, of ₁Monroeville, for appellee.

SOMERVILLE, J.  [1] The bill seeks to enforce a mechanic's lien on the unpaid bal-

ance due on the work from the owner to the contractor in chief. Although it prays for a writ of execution to enforce the payment of his claim, it does not seek to enforce a lien upon the roadway of the railroad company, and hence the first ground of objection to the bill is inapt. We therefore need not determine whether the demurrant's proposition of law in that regard is sound or not. See, however, Buncombe County v. Tommey, 115 U. S. 122, 5 Sup.·Ct. 626, 1186, 29 L. Ed. 305, and Powder Co. v. G. & J. Ry. Co., 183 N. Y. 306, 76 N. E. 153, 2 L. R. A. (N. S.) 288, 111 Am. St. Rep. 751, 5 Ann. Cas. 443.

[2] We think it perfectly clear that Gladwell, the subcontractor by whom complainant was employed, is a necessary party to this suit. Whatever part of the unpaid balance may be due to him will be reduced by whatever amount may be here recovered by complainant. Gladwell is therefore directly interested in the fund in question, and will be affected by the decree herein sought, and is entitled as an adversary party to contest both the fact and the amount of complainant's claim; and though respondents could bring him in by way of cross-bill, the duty to make him a party rests primarily upon complainant. Prout v. Hoge, 57 Ala. 28; Harwell v. Lehman, 72 Ala. 344.

[3] Construing the bill more strongly against the pleader, it must be taken as showing that complainant was a mere journeyman or day laborer. So intended, it should appear that the verified statement of complainant was filed, as required by·law (Code,·§ 4758), within 30 days after the accrual of the indebtedness claimed. Cook v. Rome Brick Co., 98 Ala. 409, 413, 12 South. 918; Welch v. Porter, 63 Ala. 225. Otherwise, complainant fails to show an enforceable lien, which he must always show whether the suit be one in law or equity.

For the defects noted above the demurrer to the bill of complaint should have been sustained. The decree of the trial court will be reversed, and a decree here rendered sustaining the demurrer to the bill of complaint.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.