(87 South. 691)

Ex parte HINES, Director General of Railroads.

HINES v. McMILLAN.

(1 Div. 150.)

(Supreme Court of Alabama. June 10, 1920. Rehearing Denied Nov. 6, 1920.)

1. Appeal and error ⟨∞⟩549(3)—Court properly struck assignment based on exception to oral charge shown only in record proper.

Court of Appeals did not err in striking assignment based upon an exception to a portion of the oral charge of the court shown only in the record proper and not in the bill of exceptions, under Laws 1915, p. 815, as the provision therein that the general charge "shall be in writing, or be taken down by the court reporter as it is delivered to the jury," does not relieve the party excepting to any portion of the general charge from specifically indicating the same to the court and making such part to which exception is reserved a part of the bill of exceptions by incorporating therein such exception.

2. Pleading ⟨∞⟩34(1)—All pleadings tested by weakest averments on demurrer.

On demurrer a pleading must be tested by its weakest averments.

3. Railroads ⟨∞⟩439(8)—Allegation as to defective cattle guard held demurrable.

A replication in an action to recover damages for killing of mule on railroad track that

cattle guard where said mule was killed was defective and not so constructed as not to prevent said mule going over the same and within the inclosure of defendant's right of way was subject to demurrer in that it did not allege that the cattle guard was insufficient to prevent stock generally from passing over it.

### 4. Railroads ☞412(4)—Cattle guards should be reasonably sufficient.

A railroad is not required by statute to construct its cattle guards with a view to restraining any particular mule; its duty being only to construct and maintain such a fence and cattle guard as to be reasonably sufficient to restrain ordinary stock including mules in general.

#### On Rehearing.

### 5. Pleading ☞162—Office of pleadings following defendant's plea stated.

In each successive pleading subsequent to defendant's plea new matter advanced by each party must be not only such as will form a sufficient answer in law to what has before been alleged against him, but such as also will fortify what he himself has before pleaded, and if matter pleaded by either party does not go in support of what has been before alleged by himself, the pleading is ill, even though it might in itself be a good answer to the adverse allegations which immediately precede it, and he who ultimately prevails must prevail upon the grounds first assumed on his part and which he can maintain in his subsequent pleading only by repelling what has been advanced against him in the intermediate allegations of his adversary.

### 6. Pleading ☞217(1)—Visitation of demurrer on pleading previous to that demurred to guarded against by statute.

The visitation of demurrer was within the mischief intended to be guarded against by Code 1907, § 5340, and a demurrer to a plea is not to be visited upon the complaint, and a demurrer to a replication is not to be visited upon a plea.

### 7. Certiorari ☞59—Constitutionality of statute held reviewable under assignments of error.

Where sufficiency of plea was attacked in trial court by demurrer on several grounds, one of which was that statute on which it was based was unconstitutional, and, demurrer being overruled, there was a joinder of issue on the plea as answered by the replication, the sustaining by the Court of Appeals of a ruling of the trial court overruling the demurrer to the replication, assigned as error, was but the assumption of an assertion by the Court of Appeals of the constitutionality of the statute under which the plea was drawn, and was sufficient to present the constitutionality of the statute for review in the Supreme Court on certiorari.

### 8. Constitutional law ☞241, 297—Railroads ☞103(1)—Statute requiring fencing of right of way on notice constitutional.

Code 1907, § 5654, requiring railroad to build fences and cattle guards on notice by the Public Service Commission, is a valid exercise of the police power of the state, and does not violate the provisions of the Constitution guaranteeing due process of law and the equal protection of the law.

Sayre and Gardner, JJ., dissenting.

Certiorari to Court of Appeals.

Application of Walker D. Hines, as Director General of Railroads, operating the Louisville & Nashville Railroad, for certiorari to the Court of Appeals to review and revise the judgment and decree of said court rendered in the appeal of Walker D. Hines, as Director General, etc., against M. D. McMillan (17 Ala. App. 509, 87 South. 696). Writ granted.

The action was for damages for killing a mule. The second plea is that the mule was killed by defendant's train upon a portion of defendant's railroad within a fence erected by defendant in conformity to a notice of the Public Service Commission of Alabama. As a special replication to said plea plaintiff replied and said that the cattle guard at the place where said mule was killed was defective and not so constructed as not to prevent said mule going over the same and within the inclosure of defendant's right of way. And plaintiff avers that on account of the said defective condition of said cattle guard said mule went over or across the same within the inclosed right of way of defendant. The demurrers interposed to the special replication were:

(1) It does not allege that the cattle guard in question was a part of the inclosure ordered to be fenced by the Alabama Public Service Commission.

(2) It does not allege that the said cattle guard referred to was not a standard cattle guard, such as are constructed and used by well regulated railroads.

(3) It does not allege that the cattle guard referred to was insufficient to prevent stock generally from passing over it.

(4) The allegation is confined to the particular mule in question.

Barnett, Bugg & Lee, of Monroeville, and Geo. W. Jones and E. Perry Thomas, both of Montgomery, for appellant.

The Court of Appeals should have stricken assignment No. 9. Section 5364, Code 1907; Gen. Acts 1915, p. 815; 201 Ala. 493, 78 South. 399. The court erred in holding that the trial court properly overruled demurrer to special replication to plea 2. 98 Ala. 409, 12 South. 918; 109 Ala. 196, 19 South. 522; 148 Ala. 27, 41 South. 461; 200 Ala. 530, 76 South. 856; 16 Ala. App. 347, 77 South. 941. The court cannot consider section 5654, Code 1907, without undertaking to review the ruling of the trial court on the demurrers to plea 2, which are not assigned as error in the record. 54 Ala. 589; 120 Ala. 535, 24 South. 955; 172 Ala. 655, 55 South. 293; 184 Ala. 103, 63 South. 1022.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Hybart, Hare & Ratliffe, of Monroeville, for appellee.

Section 5654, Code 1907, is unconstitutional. 58 Ala. 594; 100 Ala. 662, 13 South. 602, 27 L. R. A. 263, 46 Am. St. Rep. 92. A bad replication is good enough for a bad plea. 32 Ala. 506; 162 Ala. 424, 50 South. 368; 148 Ala. 17, 41 South. 769.

THOMAS, J. The writ of certiorari to the Court of Appeals will be granted for the reason indicated in subdivision 3.

[1] 1. Did the Court of Appeals err in striking assignment of error numbered 9, based upon an exception to a portion of the oral charge of the court shown only in the record proper, not in the bill of exceptions? Under the statute of 1915 (pages 815, 816), it was made unnecessary "to set out the charges in the bill' of exceptions or state therein that an exception was reserved to the giving or refusing of charges requested, but it shall be presumed that each charge was separately requested and a separate exception reserved as to the giving or refusal thereof." The further provision therein that the general charge "shall be in writing, or be taken down by the court reporter as it is delivered to the jury," or other provision of the act does not relieve the party excepting to any portion of the general charge of specifically indicating the same to the court during the trial, and to make such part to which exception is reserved a part of the bill of exceptions by incorporating therein such exception. This is the effect of our recent cases. Ex parte Mobile L. & R. Co., 201 Ala. 493, 78 South. 399; Britton v. State, 15 Ala. App. 584, 74 South. 721; McPherson v. State, 198 Ala. 5, 73 South. 387; Russell v. State, 201 Ala. 572, 78 South. 916, 918; Pan-Amer. Life Ins. Co. v. Carter, 202 Ala. 237, 80 South. 75; Sloss-Sheff. S. & I. Co. v. Yancey, 202 Ala. 458, 80 South. 842.

2. We find no reversible error in the discussion of pleadings by the Court of Appeals having application to Code, §§ 5653, 5654. A proper construction of the plea to which demurrer was overruled cannot be had since the same is not before us, and no opinion is expressed as to its sufficiency.

[2-4] 3. On demurrer all pleading must be tested by its weakest averments. Nat. Park Bank v. L. & N. R. R. Co., 199 Ala. 192, 74 South. 69; G., F. & A. Ry. Co. v. Sharpe, 202 Ala. 530, 76 South. 856. Plaintiff's "special replication to plea No. 2" was subject to demurrers interposed. It was in effect that the fence erected along a definite right of way "was defective and not so constructed as not to prevent said mule from going over the same." Defendant was not required by law to construct its fence and "cattle guard" at the place in question with a view to restraining plaintiff's mule or any particular mule that was injured; on the contrary, the duty of defendant company in the premises was only to construct and maintain such a fence and cattle guard as to be reasonably sufficient to restrain ordinary stock, including mules in general. A. & B. A. L. Ry. Co. v. Brown, 158 Ala. 607, 48 South. 73, 36 L. R. A. (N. S.) 998, note; Martin v. A., T. & S. F. Ry. Co., 92 Kan. 595, 141 Pac. 599, L. R. A. 1915B, 134; Stewart v. Bloomington, etc., Co., 180 Ill. App. 608; Midland Valley R. Co. v. Bryant, 37 Okl. 206, 131 Pac. 678; Comings v. Hannibal & C. M. R. Co., 48 Mo. 512; N., C. & St. L. Ry. Co. v. Russell, 129 Ky. 14, 110 S. W. 317.

A rational statement of the general rule as to the sufficiency of fences and cattle guards along and on the right of way of a railway company is contained in 33 Cyc. 1201, as follows:

"Cattle guards to be sufficient need not be so constructed as to constitute an impassable barrier so that under no circumstances could an animal cross them, or so as to turn stock which are wild, breachy, or in the habit of fence jumping, or when under fright or excitement, but need only be such as are reasonably sufficient to turn ordinary stock; and if an animal goes upon the track by jumping over such a cattle guard and is injured the company will not be liable in the absence of negligence."

The intimation in S. A. L. Ry. Co. v. Wright, 148 Ala. 27, 29, 41 South. 461, 462, tends to support the foregoing text. It is:

"The fourth plea to which a demurrer was sustained neither traverses nor confesses and avoids the averments of the complaint. It contains no averment that the guards erected and maintained by defendant were reasonably sufficient for the purpose for which they were erected. Non constat, they may be wholly insufficient, as alleged in the complaint; and clearly, if they are, the fact that they are in use by all well-regulated railroads does not and cannot exempt the defendant from liability for a violation of the duty which it owed the plaintiff."

See, also, 43 L. R. A. (N. S.) 457, note.

The third ground of the demurrer to special replication should have been sustained. The writ of certiorari is granted.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and BROWN, JJ., concur.

SAYRE and GARDNER, JJ., dissent.

On Rehearing.

THOMAS, J. In short, the two contentions of petitioners for rehearing are: (1) That of visitation of a demurrer—the demurrer to the bad replication to the bad plea; and (2) that the statute under which plea 2 was drawn is unconstitutional. Petitioner (appellee in the Court of Appeals) insists that the cause should not be reversed because of error made in the ruling on demurrer to the replication because it was interposed to a plea that was also open to demurrer. This

subject has been an interesting one to the courts. The question then for decision is: Was not the visitation of demurrer within the mischief intended to be guarded against by section 5340 of the Code of 1907?

[5] Of the offices of the several divisions of pleading observation is made that in each successive stage of the process subsequent to defendant's plea new matter advanced by each party must be not only such as will form a sufficient answer in law to what has before been alleged against him, but such as also will fortify what he himself has before pleaded; and if matter pleaded by either party does not go in support of what has been before alleged by himself, the pleading is ill, even though it might, in itself, be a good answer to the adverse allegations which immediately precede it, that he who ultimately prevails must prevail upon the grounds first assumed on his part, and which he can maintain in his subsequent pleading only by repelling what has been advanced against him in the intermediate allegations of his adversary. Mr. Gould thus puts it:

"The plaintiff must therefore prevail, if at all, upon the facts stated in the declaration; the defendant, upon those stated in the plea. And whatever the parties may respectively allege in their subsequent pleadings must all go to fortify the declaration on the one side, and the plea on the other. If it were otherwise, the foundation of the action and of the defense might be entirely changed in each successive stage of the pleadings; and the great object of all pleadings might be thus defeated. The replication must therefore so answer the plea as to support the declaration; the rejoinder, in answering the replication, must support the plea; and in the same manner, the surrejoinder must support the replication, the rebutter, the rejoinder, and the surrebutter, the surrejoinder. The process being thus conducted, that which is last pleaded on either side necessarily goes in support of what was first pleaded on the same side." Will's Gould on Pleading (6th Ed.) p. 93.

[6] Out of such rules of pleading came the general rule that a demurrer opens the whole record so that judgment must be rendered against the first party whose pleadings are defective in substance. "A bad plea, as answer to a bad declaration or complaint or a bad reply to a bad plea or answer, etc., must be held good on demurrer." This rule found early statement (1805) by Mr. Chief Justice Marshall as follows:

"There were several pleadings, * * * a bad declaration, a bad rejoinder, and a special demurrer by the plaintiff to this bad rejoinder. When the whole pleadings are thus spread upon the record by a demurrer, it is the duty of the court to examine the whole, and to go to the first error. When the special demurrer is by the plaintiff, his own pleadings are to be scrutinized, and the court will notice what would have been bad upon a general demurrer." Cooke v. Graham's Adm'r, 3 Cranch, 229, 235, 2 L. Ed. 420.

It has been often applied. Rose's Notes on United States Reports, pp. 232, 233. For a time it was followed in this jurisdiction. Bender v. Graham, Minor, 269; Sommerville v. Merrill, 1 Port. 107, 109; Rogers & Sons v. Smiley et al., 2 Port. 249, 260; Mason v. Craig, 3 Stew. & P. 389; Cummings v. Edmunson, 5 Port. 145, 150; Hargroves v. Cloud, 8 Ala. 173, 176; Ogden & Ellison v. Smith & Raymond, 14 Ala. 428, 432; Chaudron v. Fitzpatrick, 19 Ala. 649, 651; Patton v. Hamner, 28 Ala. 618, 622; Williams v. Moore, 32 Ala. 506, 508.

The foregoing authorities by our court were before the adoption of the Code of 1852 (February 5th), which contained the provision, in section 2253, that—

"No demurrer in pleading can be allowed, but to matter of substance which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer."

The same has been incorporated in all subsequent Codes (Code 1907, § 5340 [3303] [2690] [3005] [2656]); and of its provisions requiring specification of the grounds of demurrer it has been held that a demurrer to a plea is not to be visited upon the complaint or a demurrer to a replication is not to be visited upon a plea. Elliott v. Holbrook, etc., Co., 33 Ala. 659, 667; Western Assur. Co. v. McGlathery, 115 Ala. 213, 225, 226, 22 South. 104, 67 Am. St. Rep. 26; Henley v. Bush, 33 Ala. 636, 641. If this were not true, it would be giving effect to a general demurrer which is denied by the statute. Cooke v. Graham, supra; Mobile L. & R. Co. v. Portiss, 195 Ala. 320, 323, 70 South. 136; Deason v. Gray, 189 Ala. 672, 66 South. 646; U. S., etc., Co. v. Goin, 197 Ala. 584, 73 South. 117; Devon Mfg. Co. v. Sou. Exp. Co., 200 Ala. 273, 76 South. 39; Winfield Bank & Tr. Co. v. Roberts, 200 Ala. 313, 76 South. 79; Fruitticher Elec. Co. v. Birmingham T. & S. Co., 201 Ala. 676, 79 South. 248. The visitation of a demurrer was within the mischief intended to be guarded against by the statute, and Avery's Adm'r v. Avery's Heirs, 47 Ala. 505, 509, following the rule declared before the adoption of the statute, has long since been departed from or overruled by implication; and the expressions in Broadwood v. Sou. Exp. Co., 148 Ala. 17, 22, 41 South. 769, cannot be held as a return to the ancient rule in question.

The announcement by this court, that the overruling of a demurrer to a special replication to a plea which had gone out on demurrer was harmless, since the replication went out with the plea to which it was sustained, is without application to the instant question. Davis v. Simpson Coal Co., 162 Ala. 424, 429, 50 South. 368. In Broadwood v. Sou. Exp. Co., supra, the correctness of the ruling of the trial court was invoked on appeal and after pointing out the defects of

plea 2D, as raised by appropriate grounds of demurrer, the court merely observed of the ruling on the replication thereto that—

"As this plea is bad, there appears to be no necessity for considering the replications to it. For the error in overruling the demurrer to plea 2D and plea 5 the judgment must be reversed."

This was in line with the announcement of Davis v. Simpson Coal Co., supra; in each of said cases the plea having gone out carried with it the replication. That parties may try their cases upon immaterial issues has been the subject of frequent comment by our court. 4 Mayf. Dig. p. 486, § 23. The application for rehearing cannot be granted on the ground of visitation of the demurrer to the replication to the defect pointed out by the Court of Appeals to plea 2.

The further contention of petitioners is that section 5654 of the Code of 1907 violates the provisions of the Constitution guaranteeing due process of law and the equal protection of the law. Zeigler v. S. & N. Ala. Ry. Co., 58 Ala. 594; Birmingham Min. R. Co. v. Parsons, 100 Ala. 662, 13 South. 602, 27 L. R. A. 263, 46 Am. St. Rep. 92. To this insistence appellants, in the Court of Appeals, argue that the question may not be considered, for the reason that this court has adhered to the rule that it would only review those questions presented by appropriate assignment of error. Supreme Court Rule 1; Code, p. 1506; Gay v. Hester, 164 Ala. 651, 51 South. 329; Amerson v. Corona C. & I. Co., 194 Ala. 175, 69 South. 601; Carney v. M. C. Kiser Co., 200 Ala. 527, 76 South. 853; Crews & Green v. Parker, 192 Ala. 383, 68 South. 287; Nichols v. Hardegree, 79 South. 598;[1] N. B. T. & Sav. Bk. v. Adams, 184 Ala. 564, 63 South. 1022; Kinnon v. L. & N. R. R. Co., 187 Ala. 480, 65 South. 397; Wise, Adm'r, v. Curl, 177 Ala. 324, 58 South. 286; Holloway v. Darden, 168 Ala. 256, 53 South. 187; Freeman v. Blount, 172 Ala. 655, 55 South. 293; H. Ave. & Belt. R. Co. v. Miller, 120 Ala. 535, 544, 24 South. 955; Erwin v. Reese, 54 Ala. 589; Dickens v. Dickens, 174 Ala. 345, 56 South. 809; Brahan v. Collins, Minor, 169.

However, in State ex rel. Knox v. Dillar, 196 Ala. 539, 548, 549, 72 South. 56, 60, this court said:

"Unless essential to the decision of an actual case, the constitutionality of an enactment will not be considered or determined by this court. State ex rel. Crumpton v. Montgomery Excise Com'rs, 177 Ala. 212, 220, 221, 59 South. 294. This rule is, of course, without force or application where the appeal cannot be determined without taking due account of the constitutional validity of an enactment. * * * Where the determination by this court of questions involving matters of public concern cannot be had without the consideration and decision of the constitutional validity of enactments, this court must, in the discharge of its grave duty in that regard, take account of such questions, whether raised or argued in the lower courts or not, and decide them, provided the complaining party manifests his good faith and diligence by affording the essential data to advise the court in the premises and to relieve it of the burden of itself making a search of the journals to ascertain the true status of the subject of his complaint. The quotation before made from the Sigsbee Case [160 Ala. 196] is not in accord with these conclusions; and so to that extent that opinion must be, and it is, qualified."

[7] While there was no specific assignment of error propounding to the Court of Appeals the inquiry of the unconstitutionality of the statute (Code, § 5654), yet there were two assignments of error challenging the ruling on demurrer to the replication filed in answer to plea 2, which plea was drawn under the statute in question. The sufficiency of the plea was attacked in the trial court by demurrer on several grounds, one of which was:

"That said plea is under section 5654 of the Code of 1907, which said section of the Code is unconstitutional."

The demurrer being overruled, there was joinder of issue on the plea as answered by the replication in question. The sustaining by the Court of Appeals of the ruling of the court below as to the replication was but the assumption or the assertion by the Court of Appeals of the constitutionality of the statute under which plea 2 was drawn, and was sufficient to present the constitutionality of the statute embodied in short in the plea, to which the replication was filed as full answer. This was the necessary determination of the Court of Appeals. The defects of plea 2 as pointed out by the several grounds of demurrer, of which its unconstitutionality was one, were not taken as sufficient, but other grounds of demurrer were suggested. In effect, it was to say that the plea, as a matter of substance, squared with the Constitution, and was not subject to the objection made to the plea under section 5654 of the Code that the statute was unconstitutional. If the view of the Court of Appeals had been that the statute was offensive to the organic law of the state and that the plea was defective in pleading matter of substance not permitted by the Constitution, the constitutionality of the statute would have been certified to this court for construction. This course was not pursued, but other amendable deficiencies of the plea pointed out. That court said:

"It is evident that the defendant was seeking by this plea to bring himself within the terms of section 5653 and 5654 of the Code of 1907. To do this it would be necessary to allege no-

---

[1] 202 Ala. 132.

tice to the defendant or to the railroad of the conclusion of the Public Service Commission that the railroad should be fenced at this point; that the fence was erected and maintained in conformity to the .notice. Otherwise the fence might be erected and immediately removed and still leave the defendant in position to plead the statute. These objections to plea 2 were taken by demurrer and the demurrer should have been sustained."

[8] It is, then, necessary to declare whether section 5654 .was a valid exercise of the police power of the state. Standard Chem. & Oil Co. v. City of Troy, 201 Ala. 89, 77 South. 383, L. R. A. 1918C, 522, and authorities. The act ·held invalid in Zeigler v. S. & N. Ala. R. Co., supra, was an attempt to declare liability of the person or persons owning or controlling any railroad in the state for all damage to live stock caused by locomotives or railroad cars, without reference to the skill or diligence with which the train or engine was operated. Held to deny to such person or corporation due process of law. L. & N. R. R. Co. v. Rayburn, 192 Ala. 494, 500, 68 South. 356. In Birmingham Min. R. Co. v. Parsons, supra, the constitutionality of a statute requiring railroad companies to build cattle and stock guards and keep them in order upon their respective lines was not held violative of any provision of the state Constitution, though the legislative requirement was that all railroads, etc., "shall be required to put in cattle or stock guards * * * whenever the demand is made upon them, or their agents or employés, by the owners of the land through which said road passes, that said cattle or stock guard is necessary to prevent the depredation of stock upon their farms." It was observed that this statute was an option given the landowner under the statute, the guard, if erected, being for his benefit alone. "Of what detriment can it be to the railroad that the owner. is permitted to exempt it from a duty which, without his exemption, would be absolute, whether the owner needed or desired the cattle guard or not? If the statute 'had simply required the companies to erect and maintain these guards in all instances whenever they entered the field or premises of a party, there could, under the authorities, be no objection raiséd to the validity of the law." Am. U. Tel. Co. v. W. U. Tel. Co., 67 Ala. 26, 42 Am. Rep. 90; L. & N. R. R. Co. v. Baldwin, 85 Ala. 619, 5 South. 311, 7 L. R. A. 266; Van Hook v. City of Selma, 70 Ala. 361, 45 Am. Rep. 85; L. & N. R. R. Co. v. Murphree, 129 Ala. 432, 29 South. 592; Atla. & St. A. Bay Ry. Co. v. Fowler, 192 Ala. 373, 376, 68 South. 283; 43 L. R. A. (N. S.) 450, note; 25 L. R. A. 161, 162, note; 53 L. R. A. 744, note; 9 L. R. A. (N. S.) 348, note.

The effect of the decision in the Parsons Case, 100 Ala. 662, 665-668, 13 South. 602, 27

L. R. A. 263, 46 Am. St. Rep. 92, in no wise militates against, but sustains, the power conferred by sections 5653 and 5654 of the Code conferred upon the Railroad Commission, when it was deemed necessary to require any railroad in the state or any portion thereof to be fenced on due notice to the person or corporation operating such railroad of such conclusion, and providing that after reasonable notice to this end and the failure of compliance therewith, such person or corporation operating such railroad shall be liable in damages for the value of any stock killed or injured on the line so designated to be fenced, whether with or without negligence, and exempting such person or railroad from such damages if the fence is erected in conformity with such notice, unless the killing or injury was committed willfully. This was but the fair exercise of the police power of government delegated by the Legislature to the Railroad Commission, and was the imposition of a just and reasonable penalty for the violation of its duty to fence the right of way, or portion thereof, after due notice from such constituted public authority or agency of the state, and which penalty could only be collected by the person injured. The reason for this regulation requiring the right of way, or portion thereof, where the same is contiguous to private property, to be fenced on due notice, is for the protection of property, and, in a sense, for the benefit of the public, though recovery of the damage resulting from such failure of statutory duty must be had by the party injured. Johnson v. Oregon Short Line Ry. Co., 7 Idaho, 355, 63 Pac. 112, 53 L. R. A. 744, 747.

It results that the application should not be granted on the last ground.